Bertha SILVERMAN, suing as a stockholder in the Name and in behalf of Exquisite Form Industries, Inc. and Exquisite Form Industries, Inc., Plaintiffs,

v.

Gerard A. RE, Gerard F. Re, individually and as partners and/or joint venturers in Re, Re & Sangarese, Defendants.

Civ. A. No. 2084.

United States District Court
S. D. New York.

Feb. 27, 1961.

Rosenfeld & Silverman, New York City, for plaintiff.

Mitchell, Barker & Cohen, New York City, for defendants Re & Re.

Manning, Hollinger & Shea, New York City, Ralph L. Ellis, New York City, of counsel, for defendant Rokeach.

EDELSTEIN, District Judge.

This is an action under § 16(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78p(b), 15 U.S.C.A. § 78p(b), to recover short swing profits.[1] Plaintiff is the beneficial owner of ten shares of the Class "A" common stock of the corporate defendant Rokeach. The corporation, to which the recovery runs, was named as a nominal party defendant. Whether this procedural step is required because the corporation may be considered an indispensable party is unclear. See Loss, Securities Regulation 568 (Supp.1955).[2] The corporation now moves to be named as a party plaintiff.

Defendants object on the ground that if the corporation were now to commence a separate action, it would be barred by the two year statute of limi-

---

1. Section 16(b) provides: "For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent juris-diction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."

2. In Epstein v. Shindler, D.C.S.D.N.Y. 1960, 26 F.R.D. 176, 177, the corporation was not made a party to the suit.

tations incorporated in § 16(b) from pressing a portion of the claim urged by plaintiff herein. Defendants further urge that if the motion be granted, the statutory two years be counted back from the time the corporation becomes a plaintiff. This argument has no merit. The cause of action is the very same one commenced by plaintiff, to which the corporation has been a party from inception of the suit. In fact, the action is brought, according to § 16(b), "in the name" of the corporation. To penalize the corporation for plaintiff's misnomer in the caption is to glorify form over substance. Moreover, if the corporation remains in its present procedural posture, recovery will be had based upon the date suit was commenced by plaintiff. It would be anomalous to hold that by permitting the corporation, which is already a party, to be realigned, a penalty is incurred vis a vis the statute of limitations.

Section 16(b) provides two procedural methods for recovering short swing profits. If the disjunctive clause of § 16(b) is read as granting either the corporation or the security holder the right to sue to the exclusion of the other, then it may be argued that the corporation may not join in this complaint as a plaintiff. But such a narrow interpretation disregards the remedial purposes of the Act. It is clear from § 2 of the Act, 15 U.S.C. § 78b, 15 U.S.C.A. § 78b, and the decided cases that the Act was "primarily intended as an instrument of a statutory policy of which the general public is the ultimate beneficiary. Congress did not intend procedural restrictions to hamper such policy." Benisch v. Cameron, D.C.S.D.N.Y. 1948, 81 F.Supp. 882, 884; see Smolowe v. Delendo Corp., 2 Cir., 136 F.2d 231, 235, certiorari denied, 1943, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446. In furtherance of the policy of full disclosure and to guard against possible conflicting loyalties, courts have liberally permitted intervention by security holders. See Ferraiolo v. Newman, 6 Cir., 1958, 259 F.2d 342; Pellegrino v. Nesbit, 9 Cir., 1943, 203 F.2d 463, 37 A.L.R.2d 1296; Park & Tilford, Inc. v. Schulte, 2 Cir., 160 F.2d 984, certiorari denied, 1947, 332 U.S. 761, 68 S.Ct. 64, 92 L.Ed. 347; Twentieth Century-Fox Film Corp. v. Jenkins, D.C.S.D.N.Y.1947, 7 F.R.D. 197.[3] To deny the corporation the right to take over vigorous prosecution of the action where it fears that the security holder who instituted suit is not diligent, would nullify the intent of the statute. Conflicting loyalties are not always limited to the corporation and its insiders. The public policies upon which the Act is based compel the broadest participation in the litigation by the corporation to whom the recovery will inure. Thus, in Gratz v. Claughton, 2 Cir., 187 F.2d 46, 48, certiorari denied, 1951, 341 U.S. 920, 71 S.Ct. 741, 95 L.Ed. 1353, the District Court granted the corporation's motion that it be dropped as a nominal defendant and made a party plaintiff.[4]

Accordingly, the motion is granted.

3. Although the cases indicate that the security holder must allege that minority interests are not being adequately represented, it has been argued that the right to intervene may be inferred from the Act itself without the necessity for complying with Rule 24(a) (2), F.R.Civ.P., 28 U.S.C.A. See Cook & Feldman, Insider Trading Under the Securities Exchange Act, 66 Harv.L.Rev. 385, 415 (1953).

4. The motion was consented to by defendant. The corporation alleged, in its motion papers, that it had reason to believe that other stockholders intended to intervene in the action. The corporation desired to become a party plaintiff so that it could more effectively oppose the dilution of any recovery through the intervention of other stockholders. See Civil No. 35-410, United States District Court for the Southern District of New York. Here, the corporation's motion papers allege that it has reason to believe plaintiff no longer desires to prosecute. Although the court has received assurance from plaintiff's counsel that plaintiff does intend to continue the action, the corporation, which now desires diligent prosecution, would seem to have a legitimate concern over the vigor with which this case will proceed.