Illa WEBER, Plaintiff,

v.

H. Roe BARTLE, Morris Natelson, Irving Cohen, Charles F. Phillips et al.,

and

Cantor, Fitzgerald & Co., Inc., B. Gerald Cantor,

and

Bond Stores, Incorporated, Defendants.

No. 66–Civ. 1252.

United States District Court S. D. New York.

March 20, 1967.

Application to Amend Denied March 30, 1967.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiff; William E. Haudek, New York City, of counsel.

Parker, Chapin & Flattau, New York City, for defendants Cohen, Good, Moselowitz, Sanger & Schechtman; Alvin M. Stein, New York City, of counsel.

Goldfeld, Charak & Goldman, New York City, for defendants Cantor, Fitzgerald & Co., and B. Gerald Cantor.

Simpson, Thacher & Bartlett, New York City, for Morris Natelson and Charles B. Peterson, Jr.

Laurence L. Shapiro, New York City, for defendant Bond Stores, Inc.

## MEMORANDUM

CROAKE, District Judge.

The plaintiff has brought a shareholder's derivative suit on behalf of Bond Stores, Inc. (Hereafter "Bond.") Jurisdiction is said to exist by reason of Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa.

Defendants have moved (a) for an order dismissing the complaint on the ground that jurisdiction over the subject matter is lacking or, alternatively, on the ground that the complaint fails to state a cause of action, and (b) for an order granting them summary judgment.

The plaintiff, in her amended complaint, contends that on or about March 11, 1966, the board of directors of Bond approved the issuance by Bond of a tender offer to buy up to 500,000 of its shares at $30 per share, with a proviso that if more than that number of shares was tendered, the purchases would be pro-rated among all tendering shareholders. It is one of plaintiff's contentions that the said price was excessive and constituted corporate waste.

The amended complaint further alleges that the majority of the directors of the corporation, in securing approval of the tender offer by the minority of directors wilfully concealed the fact that the purpose of the tender offer was their perpetuation in office. Plaintiff also contends that an agreement between the majority directors and the co-defendant Cantor, Fitzgerald & Co., Inc. and B.

Gerald Cantor (hereafter the "Cantor Group"), pursuant to which the Cantor Group agreed to tender at least 200,000 shares of Bond stock owned by them was not revealed to the minority of directors.[1] It is claimed that this agreement, together with the tender offer, was designed to eliminate an alleged threat to control, represented by the Cantor Group's holdings of Bond stock.[2]

Plaintiff urges that the concealment of the tender offer and of the agreement with the Cantor Group constitutes a violation of Section 10(b) and Rule 10B–5 thereunder, of the Securities Exchange Act and confers jurisdiction over the matter in this court.

In support of their motion to dismiss, defendants contend that no actionable fraud under Rule 10B–5 has been committed by the non-disclosure of the illegal purpose to the other members of the board; that the Cantor agreement was fully revealed; and that there is no causal relationship between the concealment, if any, and the loss suffered.

On a motion to dismiss for failure to state a cause of action, the court must assume allegations raised in the pleadings to be true. It must construe the complaint in the light most favorable to the party against whom dismissal is sought. Dismissal should not be granted if "there is any possibility that the plaintiff will ultimately prevail." 1A Barron & Holtzoff, Federal Practice, p. 360 (1960); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1960).

Defendants place much emphasis on O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964), where the court dismissed an action brought under Section 10(b) based upon the alleged wrongful purchase by directors of National Airlines

1. Defendant Cantor is the president and a shareholder of defendant Cantor, Fitzgerald & Co., a registered securities broker-dealer. The other individual defendants are the 10 members of Bond's board of directors.

2. At the time of the tender, plaintiff contends the Bond's outstanding capital

stock consisted of about 1,680,000 shares, of which approximately 330,045 shares, or about 20%, "constituting effective working control" were owned by the directors constituting a majority of the board, and about 350,000 or 21% were owned by the Cantor Group.

to acquire shares of its stock from Pan American in order to strengthen their control of National. However, in that case, Chief Judge Lumbard, speaking for the court, stated at page 767:

"There can be no serious claim of deceit, withheld information, or misstatement of material fact in this case. Decision thus depends on whether the statute and rule impose duties beyond that of honest disclosure."

Plaintiff herein does allege concealment of material information and fraud. Furthermore, in Ruckle v. Roto American Corporation, 339 F.2d 24 (2d Cir. 1964), another action commenced pursuant to Section 10(b) of the Securities Exchange Act involving efforts by directors to perpetuate their control, the court of appeals reversed the dismissal of the action by the district court. At page 29, the court said:

"If * * * the board defrauded the corporation into issuing shares either to its members or others, we can think of no reason to say that redress under Rule 10B–5 is precluded, though it would have been available had anyone else committed the fraud. There can be no more effective way to emasculate the policies of the federal securities laws than to deny relief solely because a fraud was committed by a director rather than by an outsider. * * * *"

Defendants, however, contend that the nondisclosure could not be the proximate cause of any harm which might result since even if the minority had been fully informed, they could not have prevented the majority from approving the tender offer. On grounds of public policy, this argument should be rejected. A director is in a fiduciary position and should disclose any possible conflicts of interest. Furthermore, this argument was rejected in Ruckle v. Roto

American, supra, the court stating at page 27:

"The failure or refusal of a majority of a board of directors to disclose to the remaining directors information pertinent to a proposed stock issuance constitute[s] a 'fraud' upon the corporation within the meaning of the relevant statute and rule? [10B–5]"

Upon careful consideration, it seems clear that plaintiff has succeeded in stating a cause of action. Since the motion to dismiss for lack of subject matter jurisdiction is based on the failure to state a cause of action, both branches of the motion to dismiss are denied.

Defendants have also moved for summary judgment. Such a motion may be granted only where it has been clearly demonstrated that no factual issues exist, and where defendant would therefore be entitled to judgment as a matter of law.

Careful scrutiny of the briefs, affidavits and arguments submitted does not reveal that the high standard required for summary judgment has been satisfied. Sufficient question has been raised to as whether defendants did in fact conceal the information as alleged in the complaint, which alone warrants a plenary trial of the action. Moreover, questions relating to the materiality of the information withheld would seem to be more properly determined upon trial.[3]

Accordingly, the motions by the defendants are denied.

So ordered.

## MEMORANDUM ON APPLICATION TO AMEND

The defendants in the above-entitled action have, by way of orders to show cause, brought this application to amend the order of the undersigned dated .

3. Cf. Ruckle v. Roto American Corporation, 2 Cir., 339 F.2d 24, 29: " * * * it may be that the stock was not intended ultimately to find its way into the hands of the defendant directors or their associates. It may be that there was no concealment of material facts at the board of directors meeting at which the transactions were approved. But, these are matters which, of course, go to the merits of the case * * *."

March 20, 1967 so as to provide, pursuant to 28 U.S.C. § 1292, "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Upon oral argument, and upon careful consideration of the contentions of both plaintiff and defendants as set forth in their papers, the undersigned is of the opinion that the application should not be granted.

■ The defendants contend that the grounds for the decision in O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964) are somewhat uncertain; even considering that that argument has some foundation, this factor alone does not justify an immediate appeal in the present case. The alleged facts in this case are not, even at the outset, identical with those in *O'Neill*.[1] Their further development through discovery and at trial may well widen the gap between the two cases and provide a potentially illuminating and useful record should the matter later be brought up on appeal. In addition, the applicability of Ruckle v. Roto American Corp., 339 F.2d 24 (2d Cir. 1964), decided the same day as *O'Neill*, cannot be disregarded. The Ruckle decision militates against dismissal in this case.[2]

■ Finally, this case does not appear, at present, to be the sort of " 'big' and expensive case where an *unusual* amount of time and money may be expended in the pre-trial phases of the case or where the trial itself is likely to be long and costly." (Emphasis added.)

Bobolakis v. Compania Panamena, etc., 168 F.Supp. 236, 239 (S.D.N.Y.1958), Irving R. Kaufman, J.

Accordingly, the defendants' application is denied.

So ordered.

---

1. Among other differences is the allegation here of purposeful concealment of a third party agreement closely related to the tender offer which is at issue.

2. In this case an agreement was allegedly entered into between the majority directors, Cantor, Fitzgerald & Co., Inc., and B. Gerald Cantor (hereafter the Cantor Group) pursuant to which the Cantor Group agreed to tender a certain number of shares of Bond stock. This agreement was allegedly concealed from the minority directors. Such an agreement would appear to be a "transaction involving the stock" of the corporation referred to in the *Ruckle* decision where the Court of Appeals listed as one of the constituent elements of the defendant directors' fraudulent behavior:

"several transactions involving the stock without disclosing the pertinent facts of these transactions to the entire board." (339 F.2d at p. 26.)