**342**

**BERMAN, Plaintiff,**

v.

**THOMSON et al., Defendants.**

**No. 65 C 2051.**

United States District Court
N. D. Illinois, E. D.
Nov. 22, 1968.

See also, D.C., 284 F.Supp. 521.

Arnold I. Shure, L. Louis Karton, Chicago, Ill., for plaintiff.

Charles S. Rhyne, Washington, D.C., Melvan M. Jacobs, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

AUSTIN, District Judge.

Plaintiff sues derivatively on behalf of The Susquehanna Corporation and on behalf of herself and all shareholders of Susquehanna similarly situated to obtain relief against defendants, the Susquehanna Corporation, American Gypsum Company and Herbert F. Korholz, a director of both corporations. Plaintiff alleges that defendants violated Rule 14a–9, promulgated by the SEC under the authority of the Securities Exchange Act of 1934, 15 U.S.C. Section 78n(a). Because Susquehanna was registered pursuant to Section 12(g) of the Act, the corporation and directors were subject to Rule 14a–9. Rule 14a–9 reads:

No solicitation * * * shall be made by means of any proxy state-ment * * * containing any statement which, at the time and in light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading * * *

A claim for relief in favor of a private plaintiff may be granted under Rule 14a–9. J. I. Case v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). Although other violations of Rule 14a–9 are alleged in her complaint, on this motion for summary judgment on the issue of liability plaintiff relies solely on the following undisputed facts.

By late 1965 Susquehanna had liquidated substantial railroad properties and was attempting to acquire operating companies which had earnings to offset an accumulated tax loss. On December 7, 1965, the shareholders of Susquehanna approved the merger of defendant American Gypsum Company into Susquehanna by a vote of 1,866,870 shares out of 2,487,613 shares entitled to vote; this majority exceeded the two-thirds vote of outstanding shares required by state law and represented 93% of all shares actually voting. Roughly 1,200,000 shares were obtained by use of a proxy statement soliciting votes on behalf of Susquehanna's management which statement was mailed on November 12, 1965. Included in the proxy statement was a balance sheet as of June 30, 1965 (unaudited), which stated "Marketable securities at cost * * * $1,429,428." A footnote entitled "11. Events Subsequent to June 30, 1965" stated, "The company has invested, since June 30, 1965, approximately 6 million dollars in marketable securities of listed domestic corporations. None of the holdings is representative of a 10% or more interest." The 6 million dollar investment in fact consisted of 289,500 shares of General Refractories Company (8½% of the total outstanding shares) which had been acquired shortly prior

344

to October 21, 1965, and the Susquehanna Board of Directors had authorized the purchase of $1,850,000 more of Refractories stock to be deferred until the completion of the merger of Susquehanna and Gypsum. The shares already purchased represented about 22% of the total assets of Susquehanna (based on book values) and about 23% of assets minus liabilities. Plaintiff contends that defendants omitted to state the material fact that the 6 million dollar investment was all in Refractories, that the omission was misleading to shareholders in making their decision on the Gypsum merger, that Rule 14a–9 was therefore violated, and that summary judgment on the issue of liability should be entered.

■ This court declines to enter summary judgment on the issue of liability. Rule 56(c) of the Federal Rules of Civil Procedure provides in part, "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." But summary judgment on the issue of liability is improper "where defendant's liability hinges on whether there are recoverable damages." 6 Moore, Federal Practice, par. 56.17 at p. 2529. Rule 56(c) contemplates a procedure which clears away all matters except a prove-up or computation of damages *after* the existence of some recoverable damages is established. This is not the situation in the instant case; the existence of any injury resulting from the merger is in dispute. In fact, Susquehanna is now selling at 38 (Wall Street Journal, November 13, 1968) although it sold at around 12 on November 12, 1965, when the proxy statement was mailed.

■ Plaintiff asks rescission of the merger and damages against Korholz. To rescind the merger, if in fact it has turned out beneficially to Susquehanna shareholders who were allegedly deceived, would be a bitter vindication of their "right of corporate suffrage" for a technical violation of the proxy rules and would injure the very shareholders the SEC Act of 1934 was enacted to protect. Therefore, plaintiff must establish that the merger resulted in financial injury. Financial injury must also be established to recover damages from the directors. Thus, unless facts indicating such injuries are proved by plaintiff, this court will not grant relief, and it sees no utility in entering summary judgment when it may later refuse any relief.

■ Summary judgment must be denied for the additional reason that genuine issues of fact exist as to the effect of the undisclosed facts on the shareholders' decision to merge and whether the effect of non-disclosure was strong enough to warrant unscrambling the merger or awarding damages against the directors.

■■ A fact which is not disclosed is "material" if it would influence a reasonable investor's conduct on the matter in issue. S. E. C. v. Texas Gulf Sulphur Corp., 401 F.2d 833 (2d Cir. Aug. 13, 1968). This concept of materiality applies equally to the decision to deal in a security involved in *Texas Gulf Sulphur* (a suit under Rule X–10b–5) or to the vote on a corporate acquisition involved in the instant case. It is not clear what effect the omitted fact involved in this motion would have had on a reasonable investor had it been disclosed.

It is true that by disclosing on the balance sheet the identity of a company (Vanadium Corp.) in which Susquehanna had a 3 million dollar investment the directors indicated that the identity of a company representing a 6 million dollar investment would normally be relevant. That the 6 million dollar investment in marketable securities was in one company, Refractories, rather than in many scattered companies, might have indicated the possibility of a merger with Refractories. The strength of this possibility on November 12 is in dispute. If Gypsum and Refractories were in the

same markets and subject to the same market risks, or if Susquehanna had the resources to acquire only one of the two, then a shareholder who thought that Refractories was a better buy might have voted differently on acquiring Gypsum on the theory that one alternative merger candidate excluded the other. The markets of Gypsum and Refractories and the exchange value of Gypsum are in dispute. Also bearing on the duty to disclose is the circumstance that the omitted fact was not indicative of self-interest on the directors' part, and thus a shareholder would be less likely to desire to make an independent judgment on its significance. The corporation's interest in concealing its intention of acquiring Refractories stock in order not to affect the market price may excuse nondisclosure since the shareholders were also benefitted by any savings. (But Rule 13a–11 required that Susquehanna file a form 8–K disclosing on the public record its interest in Refractories by November 10 since the investment represented over 15% of Susquehanna's total assets; although this rule does not apply to proxy statements, it may set the limit on the corporation's right to conceal stock purchases from its shareholders even for their own good and from shareholders of the company in which the stock is purchased.) These issues require a full inquiry which can only be had at a trial where all the circumstances at the time of the transaction can be considered:

> "In appraising plaintiff's contentions, we think the duty of disclosure of material facts placed upon corporate insiders such as defendants by Section 78j(b) and Rule X–10b–5 is necessarily limited to an exercise of fair and honest business practices under all the circumstances existing at the time of the transaction." Kohler v. Kohler Co., 319 F.2d 634, at 641 (7th Cir. 1963).

See Weber v. Bartle, 272 F.Supp. 201 (S.D.N.Y.1967) ("materiality of the information withheld would seem to be more properly determined at trial"); Eagle v. Horvath, 241 F.Supp. 345 (S.D.N.Y.1965) (whether omission in proxy statement induced merger is "not a question that can properly be adjudicated on this motion for summary judgment").

Plaintiff's motion for summary judgment on the issue of liability is denied.