W. George KENNEDY, Plaintiff,

v.

Frank C. BLUMEYER et al., Defendants.

No. 68 C 22.

United States District Court,
E. D. Missouri, E. D.

March 25, 1969.

Pomerantz, Levy, Haudek & Block, New York City, and Harvey B. Cox, Jr., Cox & Cox, St. Louis, Mo., for plaintiff.

Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for defendants Frederick Boehm, Louis J. Orabka and Sidney W. Souers.

Daniel S. Hapke, St. Louis, Mo., for defendant Jack G. Butler.

Lloyd E. Boas, St. Louis, Mo., for defendant Preston Estep.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, Mo., Burke, Jackson & Millin, Kansas City, Mo., for defendant Alonzo H. Perry.

Schoenbeck & LaTourette, St. Louis, Mo., for defendants Frank C. Blumeyer, Chris J. Muckerman, John C. Muckerman and General Insurors, Inc.

Paul J. Kaveney, St. Louis, Mo., for defendant R. E. Haefer.

Donald E. Fahey, St. Louis, Mo., for defendant Paul Bailey Jamison, III.

Vatterott, Shaffar & Dolan, St. Ann, Mo., for defendant Charles F. Vatterott, Jr.

Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendants Walter E. Burtelow, John C. Baine, David R. Calhoun, Lester A. Craig, Russell E. Gardner, Jr., Edward C. Muckerman, Frederick G. Reiter, C. H. Schreiber, Sr., Stuart H. Smith and Hampden M. Swift.

Keefe, Schlafly, Griesedieck & Ferrell, St. Louis, Mo., for defendants Edward D. Jones and Joseph F. Imbs, II.

Lashly, Caruthers, Rava, Hyndman & Rutherford, St. Louis, Mo., for defendants St. Louis Ins. Corporation, St. Louis Fire and Marine Ins. Co. and Insurance Co. of St. Louis.

Ziercher, Tzinberg, Human & Michenfelder, Clayton, Mo., for defendant John H. Armbruster.

Edward P. McSweeney, Clayton, Mo., for defendant Gene F. Sprich.

Maurice L. Stewart, St. Louis, Mo., for defendant C. W. Buschman.

Kappel & Neill, St. Louis, Mo., for defendant Dale J. Notestine.

John C. Vogel, St. Louis, Mo., for defendant John F. Krey.

Rassieur, Long, Yawitz, Koenig & Schneider, St. Louis, Mo., for defendant A. Donald Anderson.

Lusser, Hughes & Lusser, St. Louis, Mo., for defendant L. H. Trout.

Jerome M. McLaughlin and James S. McClellan, St. Louis, Mo., for defendant Joseph M. Griesedieck.

Adolph K. Schwartz, St. Louis, Mo., for defendant Gene F. Sprich.

MEMORANDUM AND ORDER SUSTAINING MOTION OF DEFENDANTS ST. LOUIS INSURANCE COMPANY, ST. LOUIS FIRE AND MARINE INSURANCE COMPANY AND INSURANCE COMPANY OF ST. LOUIS FOR REALIGNMENT AS PARTIES PLAINTIFF.

DUNCAN, Senior District Judge.

This is a stockholders' derivative action, and the matter now before the Court is the motion of defendants St. Louis Insurance Company, St. Louis Fire and Marine Insurance Company and the Insurance Company of St. Louis to be realigned as parties plaintiff.

The plaintiff, a resident of Florida, instituted this derivative stockholders' action on January 16, 1968, on behalf of the St. Louis Insurance Company and its *Board of Directors,* all of whom are residents of Missouri.

Among other things plaintiff alleged in his original complaint that the action was brought derivatively in the right and on behalf of the St. Louis Insurance Company, and that he had been a stockholder of that corporation since 1953. In his original Complaint the plaintiff charged in paragraph 23 that:

"Defendants Blumeyer and Muckerman concealed their participation in said management fees from SLIC's other directors except for defendants O'Leary and Perry, associates of defendants Blumeyer and Muckerman in Insuror's, who knew of the participation of defendants Blumeyer and Muckerman in the management fees and collaborated in the concealment thereof. Except for the individual defendants named in this paragraph, the directors of SLIC were unaware at the time that defendants Blumeyer and Muckerman were splitting the management fees with Insurors."

and in paragraph 26 that:

"Plaintiff has refrained from a demand that SLIC's directors bring suit on the claims herein asserted."

and in paragraph 27 that:

"Such a demand would be a futile act for the following reasons, among others:

(a) At least a majority of SLIC's directors are themselves liable for the wrongs complained of and are defendants herein. Any suit brought in pursuance of such a demand would entail action by SLIC's directors against themselves. Any such suit, if brought, would not be diligently prosecuted at arm's length."

and in paragraph 27(b) that:

"Notwithstanding this revelation of the pertinent facts and the consequent liabilities, no action has yet been brought by SLIC or in its behalf on account of the wrongs herein complained of, nor has any restitution been made by any of the defendants herein by reason thereof."

(Referring to the findings of Judge Harper in Heit v. Bixby, File No. 643C1186, in June 1966).

Following the filing of the suit defendants filed numerous motions and pleadings including a Motion to Dismiss by defendant SLIC on the ground that plaintiff had not complied with Rule 23.1 Fed.R.Civ.P., in failing to make demand upon the corporation and its directors to institute a suit on behalf of the corporation for the alleged wrongs.

On May 28, 1968, SLIC, ICSL and SLFM filed a suit in the Circuit Court of the City of St. Louis against the members of their boards of directors alleging the same wrongful acts by such boards as had been alleged by plaintiff in his suit in this court.

After the filing of the suit in the State court and before their motions to dismiss the original Complaint had been ruled on, the three insurance companies filed a Motion to Dismiss or to stay any further proceedings in this action until their suit in the State court had been disposed of.

Although the facts which gave rise to plaintiff's cause of action had been known to SLIC and all of its directors at least since the finding of Judge Harper in Heit v. Bixby, on June 16, 1966, no suit had been authorized by the Board of Directors at the time plaintiff's suit was filed on January 16, 1968, and for more than four months thereafter when its suit was filed in the State court on May 28, 1968.

In view of this long delay, relying upon Judge Harper's conclusion in Heit v. Bixby, Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205, and upon Delaware & Hudson Co. v. Albany & Susquehanna Railroad Co., 213 U.S. 435, 447, 29 S.Ct. 540, 53 L.Ed. 862, we had no hesitation in overruling defendants' Motion to Dismiss for failure to make demand upon the corporation and its board to bring the action.

We did conclude, however, that in view of the fact that the corporations had brought an action in the State court, and the motion to stay should be sustained, (See our opinion of September 11, 1968) but deferred any formal ruling thereon until all answers had been filed and the case was at issue insofar as the pleadings were concerned. At the time the court expressed its intention to grant the stay, plaintiff was granted leave to file an amended complaint to join additional parties as defendants.

Thereafter, on September 25, 1968, before the answers of the defendants had been filed, plaintiff filed his Amended Complaint joining the SLFM and ICSL along with their boards of directors as additional defendants.

The Amended Complaint was in three counts, the first count was brought in behalf of the defendant SLIC against defendants Blumeyer, Boehm, Burtelow, Butler, Calhoun, Estep, Gardner, Jr., Chris J. Muckerman, Edward C. Muckerman, John C. Muckerman, O'Leary, Orabka, Perry, Reiter, Souers, Hampden M. Swift and General Insurors, Inc. With a few nonessential exceptions, the allegations in this count were the same as those contained in the original Complaint against these defendants.

The second count was a double derivative action brought in behalf of defendants SLFM and SLIC against defendants Blumeyer, Anderson, Berry, Boehm, Burtelow, Buschman, Butler, Campbell, Deming, Jr., Gardner, Jr., Haefer, Jennings, Merriman, Chris J. Muckerman, Chris J. Muckerman, II, Edward C. Muckerman, John C. Muckerman, O'Leary, Perry, Reiter, Sprich, John S. Swift, Tardy, Trout, Turner, Vatterott, Jr., Watts, Wehrenbrecht and General Insurors, Inc., and alleged the same acts of wrongdoing against the defendants as were alleged in the first count of the Complaint. This allegation included the statement that:

"Plaintiff has refrained from a demand that SLFM's directors bring suit on the claim herein asserted. Such a demand would be a futile act for the following reasons, among others:

(a) At least a majority of SLFM's directors are themselves liable for the wrongs complained of and are defendants herein. Any suit brought in pursuance of such a demand would entail action by SLFM's directors against themselves. Any such suit, if brought, would not be diligently prosecuted at arm's length."

The complainant also alleged in this count:

"Since all of SLFM's stock is owned by SLIC, demand upon SLIC as SLFM's stockholder to bring or obtain the action desired by plaintiff would be futile for the reasons, among others * * *."

(Plaintiff then referred to the reasons given in (a) above).

The third count was also a double derivative action and was brought in behalf of defendants Insurance Company of St. Louis and St. Louis Insurance Corporation against defendants Blumeyer, Armbruster, Baine, Berry, Boehm, Burtelow, Butler, Calhoun, Craig, Estep, Evans, Griesedick, Haefer, Hamilton, Hughes, Imbs, II, Jamison, Jennings, Jones, Krey, Chris J. Muckerman, Edward C. Muckerman, John C. Muckerman, Notestine, O'Leary, Perry, Reiter, Schreiber, Sr., Smith, Thompson, Trout, Watts, Wehrenbrecht, and General Insurors, Inc.

The same allegations with respect to demand upon the directors to bring the suit were re-alleged in this count as were alleged in the first and second counts.

After the filing of the Amended Complaint there were 52 defendants instead of 18. Among the many motions and pleadings filed by the old and the new defendants, the corporate defendants filed a motion to be realigned as parties plaintiff, alleging that their interests and the interests of the plaintiff were identical. "The issue of antagonism is to be determined on the face of the pleadings and on the nature of the controversy." Smith v. Sperling, *supra*. We therefore overruled the motion without prejudice to its being refiled if the issue was properly raised by answer. Thereafter the defendants by joint answer admitted all of the material allegations of the Complaint.

Their answer ends with the prayer that (naming the three defendants) "join with the plaintiff in requesting relief in favor of the defendants" (the three insurance companies) as requested by plaintiff against the remaining defendants named in plaintiff's First Amended Complaint.

Although the complainant alleged in the second and third counts of his Amended Complaint as to each of the new defendants that he had refrained from making demand upon the directors to bring the suit because such a demand would be futile, the fact was that each defendant had joined in bringing the suit on May 28, 1968, before the Amended Complaint was filed. The defendants had done that which plaintiff alleged it would be futile to demand of them.

Plaintiff in his brief strenuously opposes the motion to realign the moving defendants and make them parties plaintiff on the ground that (1) The three corporations are under the complete domination of the alleged wrongdoers, and that such (the suit pending in the state court) would not be prosecuted in good faith; that notwithstanding the admissions of the moving defendants in their Answer that their interests are identical with those of the plaintiff, that in fact, their interests are hostile to each other; (2) plaintiff also contends that "the real reasons for the corporate defendants seeking to be realigned as plaintiffs is to divest this court of jurisdiction through lack of diversity." (3) That this court, having once obtained jurisdiction, it cannot now be divested by the action of the parties.

To sustain his contention with respect to the question of the hostile interests of the parties, the plaintiff has cited numerous cases including Koster v. Lumbermen's Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Smith v. Sperling, 354 U.S. 91, 77 S.Ct. 1112; Winkelman v. General Motors Corporation, D.C., 44 F.Supp. 960 and Meltzer v. Atlantic Research Corporation, 4 Cir., 330 F.2d 946. None of the cases cited by the plaintiff and none that we have been able to find, deal with the situation where the corporation has in fact instituted the suit which it is alleged in the complaint it would be futile to demand that they institute. The decision of the courts in all of these cases is directed to the question of the necessity for a stockholders' demand upon their board of directors to institute the action before he may appropriate the cause of action and bring it on behalf of the corporation.

Plaintiff relies particularly upon the language used in the *Winkelman* case

where the court stated, 44 F.Supp. at page 1023:

"Directors could not be expected to sue themselves, on behalf of the Corporation, with any enthusiasm. Even if they wished to, the decisions are against entrusting the conduct of the litigation on a corporation's claim to the directors who would be held liable if the litigation were successful. They would 'stand in a dual relation which prevents an unprejudiced exercise of judgment.' "

But we think the facts in this case and the language used by the court are clearly distinguishable from the case before us. In *Winkelman* the corporation was actually defending against the allegations of the stockholders' action.

In Meltzer v. Atlantic Research Corp., *supra*, the court quoted Rule 23(b) Fed. R.Civ.P.:

"The complaint (in a secondary action) shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

The plaintiff contended that such demand would be in vain, and with that the court agreed. With one exception none of the allegations of wrongdoing were denied by the defendants. At page 948 of 330 F.2d the court stated:

"In this background, demand of the directors that the corporation recapture these loans and appropriations, as well as recover damages suffered by the corporation, would have been utterly unavailing. The plaintiff points out that Scurlock and Sloan with the other defendant directors dominate the Board, for they were the Board. It was too much to expect that the Board would direct the corporation to sue themselves. Furthermore, such a suit as the plaintiff asks would be controlled by the Board and for this reason it is artless indeed, and faith-

less to the corporation, to leave the prosecution of it to the defendants therein." (Citing: Cathedral Estates, Inc. v. Taft Realty Corp., 2 Cir., 228 F.2d 85, 88; 251 F.2d 340). This is demonstrated by the fact that they have already caused the corporation itself to join in the strenuous defensive moves in this suit."

In Smith v. Sperling, supra, in a dissenting opinion, Mr. Justice Frankfurter quoting from the trial court's opinion in Smith v. Sperling, D.C., 117 F.Supp. 781, 802, which defines what constitutes "antagonistic control" stated:

"For a corporation to be 'in antagonistic hands,' * * * or to have a 'hostile attitude,' * * * such as would permit alignment on the side against its presumptive financial interests, surely requires more than a mere argument or difference of opinion between the corporation and the suing stockholder as to the desirability of bringing the suit. Patently, if difference of opinion were all the 'controversy' required to be shown between the stockholder and his corporation in order to preclude alignment of the latter with the plaintiff-stockholder, then there can be no occasion for all the pages of discussion of corporate domination or control, since every stockholder's derivative suit is by definition predicated upon the assumption that the corporation has refused to sue."

Again quoting from Smith v. Sperling, at 354 U.S. page 97, 77 S.Ct. at page 1115 the court stated:

"Whenever the management refuses to take action to undo a business transaction or whenever, as in this case, it so solidly approves it that any demand to rescind would be futile, antagonism is evident. The cause of action, to be sure, is that of the corporation. But the corporation has become through its managers hostile and antagonistic to the enforcement of the claim."

In the above case the trial court held a hearing to determine whether or not the

interests of the parties were antagonistic. The Supreme Court condemned this practice. At page 96, at page 1115 of 77 S.Ct. the court stated:

"It seems to us that the proper course is not to try out the issues presented by the charges of wrongdoing but to determine the issue of antagonism on the face of the pleadings and by the nature of the controversy. The bill and answer normally determine whether the management is antagonistic to the stockholder."

The factual situations in all of these cases were entirely different from the one we are dealing with here. Not only had no action been brought by the corporation but in each instance the hostility of the parties was demonstrated by the fact that the defendant corporation was actually opposing the contentions of the plaintiff and defending against his right to recover. In no case has the situation been presented to the court where the corporate defendant had, as the corporate defendants have here, by their Answer, admitted the allegations of the stockholder's complaint and joined with him in seeking to recover against the board of directors.

It would seem that the parties whose interests are the same should be aligned on the same side of the litigation.

That brings us to plaintiff's second contention that the sole reason for defendants seeking to realign the parties is to destroy the jurisdiction of this court. The answer to that question is that we must first determine from the face of the pleadings whether the parties are antagonistic and should not be realigned. If they should be realigned and such realignment destroys the jurisdiction of this court, it is simply incidental to the proper alignment of the parties.

Mr. Justice Frankfurter in his dissenting opinion in Smith v. Sperling, supra, at page 101, 77 S.Ct. at page 1121, discussing Venner v. Great Northern R. Co., 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666, stated:

"That was a stockholder's suit brought in a state court against the Great Northern Railroad and its President, James J. Hill, with an allegation that the 'railroad and its board of directors were under his absolute control.' Both defendants were citizens of the same State. They removed the case into the federal court and the plaintiff, claiming that the corporation should be realigned, sought remand to the state court on the ground that the federal court lacked jurisdiction. The Court, if such was its thought, obviously would have said simpliciter that since the corporation refused to sue, the corporation must be aligned as a defendant. It did not do so. The whole thought of Mr. Justice Moody's opinion is completely contrary."

In discussing the question in Venner v. Great Northern R. Co., supra, at page 31, 28 S.Ct. at page 329, Mr. Justice Moody stated:

"Let it be assumed for the purposes of this decision that the court may disregard the arrangement of the parties made by the pleader, and align them upon the side where their interest in and attitude to the controversy really place them, and then may determine the jurisdictional question in view of this alignment. * * * If this rule should be applied it would leave the parties here where the pleader has arranged them. It would doubtless be for the financial interests of the defendant railroad that the plaintiff should prevail. But that is not enough. Both defendants unite, as sufficiently appears by the petition and other proceedings, in resisting the plaintiff's claim of illegality and fraud. They are alleged to have engaged in the same illegal and fraudulent conduct, and the injury is alleged to have been accomplished by their joint action. The plaintiff's controversy is with both, and both are rightfully and necessarily made defendants, and neither can, for jurisdictional

purposes, be regarded otherwise than as a defendant."

The last of plaintiff's contentions is that this court once having acquired jurisdiction, cannot now be divested of jurisdiction by subsequent events. Plaintiff cites Alleghany Corp. v. Kirby, D.C., 218 F.Supp. 164, which quotes Chief Justice Marshall in the old case of Mullen v. Torrance, 9 Wheat. 537, 22 U.S. 537, 6 L.Ed. 154. In that case Mr. Chief Justice Marshall stated:

"It is quite clear, that the jurisdiction of the court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events. * * * ."

We do not have the facts before us in the *Mullen* case, but the facts in *Alleghany* were quite different than those in the case now before the court. Therefore, we feel we are not bound by the court's ruling in *Alleghany*.

Considering the issue as it appears from the Amended Complaint, the defendants' Answer and other circumstances as shown by the record, it is our conclusion that the motion to realign should be and it is hereby sustained.