Jeri J. **BERMAN** et al.,
Plaintiffs,

v.

Albert W. **THOMSON** et al.,
Defendants.

No. 65 C 2051.

United States District Court,
N. D. Illinois, E. D.

Nov. 4, 1975.

Arnold I. Shure, Edward Slovick, Chicago, Ill., for plaintiffs.

Robert H. Huey, Washington, D.C., Thomas W. Van Dyke, Kansas City, Mo., Irwin I. Zatz, Chicago, Ill., for defendants.

## MEMORANDUM OPINION and JUDGMENT ORDER

AUSTIN, District Judge.

This lengthy and protracted litigation is once again before the court, this time as the result of the filing of six motions by various parties. In order to avoid confusion, each motion will be dealt with separately in this opinion.

### FACTS

The Plaintiff filed this action as a shareholders' derivative suit against two corporations and a number of their directors. It was alleged that the Defendants violated Rule 14a–9, promulgated by

the Securities and Exchange Commission under the authority of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a). The complaint claimed that a proxy statement issued by the Susquehanna Corporation was fraudulent in that it omitted to state a material fact and that this omission was misleading. In 1968, this court entered an order denying the Plaintiff's motion for summary judgment on the issue of liability. *Berman v. Thomson*, 45 F.R.D. 342 (N.D. Ill.1968). However, in 1970, that order was vacated and the motion was granted in light of recent Supreme Court precedent. *Berman v. Thomson*, 312 F.Supp. 1031 (N.D.Ill.1970). Since that time, little activity of substance has occurred in this litigation.

### MOTION TO DISMISS PLAINTIFFS AND REALIGN SUSQUEHANNA CORPORATION

Susquehanna requests that the court dismiss the two Plaintiffs in this suit for failure to prosecute their claims and then realign Susquehanna as a Plaintiff so that it can pursue the claims it may have against the Defendant-directors. For the following reasons, this motion must be granted.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action or claim for failure of the Plaintiff to prosecute, and a court is traditionally given wide discretion in making this determination. *See generally* 5 *Moore's Federal Practice* ¶ 41.-11[2]. Additionally, General Rule 21, promulgated by the District Court for the Northern District of Illinois, provides for the dismissal of cases which have been inactive for more than six months. Together, both of these rules serve to grant me the authority to eliminate those Plaintiffs who pursue their litigation in an overly-dilatory fashion.

Case law has long recognized that dismissal under certain circumstances is within the inherent power of the court. The Supreme Court, in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), stated:

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin . . . ."

The Court further held that Rule 41(b) expressly recognized that power and authority. The Seventh Circuit, in *Sandee Manufacturing Co. v. Rohm & Haas*, 298 F.2d 41, 43 (7th Cir. 1962), also allowed a dismissal of an action for failure to prosecute; the inherent power of the District Court to maintain control over its calendar was again emphasized. The Court stated that no exact rule could be laid down as to when a plaintiff delayed so long that dismissal became necessary. "each case must be looked at with regard to its own peculiar procedural history . . . ." In a number of instances, the total sum of the circumstances have led the courts to conclude that dismissal was indeed warranted. *See, e. g., Beshear v. Weinzapfel*, 474 F. 2d 127 (7th Cir. 1973); *Hollenback v. California Western Railroad*, 465 F.2d 122 (9th Cir. 1972); *Maxey v. Citizens National Bank of Lubbock*, 459 F.2d 56 (5th Cir. 1972). Cf. *Dewey v. Farchone*, 460 F.2d 1338 (7th Cir. 1962); *Sloup v. Hershey*, 457 F.2d 148 (7th Cir. 1971).

■ The factors present in this case indicate to me that an unreasonable amount of delay has occurred. Very little, if any, significant discovery has taken place within the past decade. The Plaintiffs never sought, until very recently, to extend the summary judgment they obtained in 1970 against one of the Director-Defendants although the facts involved with the other Defendants were the same. Indeed, delay and inactivity seem to be conscious litigation strategy

of the Plaintiffs here; this court does not ever condone such practices.

■ Because of the fact that this is a shareholders' derivative suit, the Plaintiffs possess a duty to adequately and fairly represent both Susquehanna Corporation and its shareholders. Fed.R. Civ.Pro. 23.1. In fact, some courts place a fiduciary burden upon those bringing a derivative action. *See, e. g., Young v. Higbee Co.*, 324 U.S. 204, 212–213, 65 S.Ct. 594, 89 L.Ed. 890 (1945). *See also* Note, *Fiduciary Capacity of Plaintiff in Stockholder's Derivative Suit*, 47 Colum.L.Rev. 684 (1947). By not pressing the claims which the Plaintiffs here might possess against the Defendants, the Plaintiffs are not adequately representing the other shareholders and the corporation itself. Therefore, dismissal is also possible under Rule 23.1. *See generally* 7A Wright & Miller, Federal Practice and Procedure, § 1765 and § 1833 (1970 ed.) Consequently, the Plaintiffs must be dismissed from this action with prejudice.

However, the lawsuit will continue with the Susquehanna Corporation realigned as a Plaintiff. Assuming that the Corporation pursues its rights with more vigor than the original Plaintiffs did, a determination will be made as to the ultimate liability of the Defendants involved. It is my conclusion that this realignment is in the best interests of all of the shareholders and the Corporation as well. Other courts have also concluded that a judge must be concerned with the proper alignment of the parties engaged in litigation according to their true interests. *See, e. g., De-Pinto v. Provident Security Life Insurance Co.*, 323 F.2d 826 (9th Cir. 1963); *In re Penn Central Securities Litigation*, 335 F.Supp. 1026 (E.D.Pa.1971). *Cf. Palmer v. Morris*, 341 F.2d 577 (5th Cir. 1965).

■ In order to fully effectuate the policies expressed in the Securities Act of 1934, vigorous prosecution of alleged violations is vital. As the court in *Silverman v. Re*, 194 F.Supp. 540, 542 (S. D.N.Y.1961), stated:

"To deny the corporation the right to take over vigorous prosecution of the action where it fears that the security holder who instituted suit is not diligent, would nullify the intent of the statute. . . .. The public policies upon which the Act is based compel the broadest participation in the litigation by the corporation to whom the recovery will inure."

That court then allowed the corporation, who was a nominal defendant, to realign itself so that vigorous prosecution would be assured.

Counsel for Susquehanna Corporation have assured the court that they will fully assert the rights which they allegedly possess against the remaining Defendants. Since the present directors of the corporation are not the same as those who were involved in the incidents which resulted in this litigation, I have no reason to doubt the good faith of those representations. Absent some proof that Susquehanna is unlikely to enforce the derivative claims, I will not block the Corporation from becoming the Plaintiff in this action. *See In re Penn Central Securities Litigation, supra* at 1042; *Kennedy v. Blumeyer*, 309 F. Supp. 939 (E.D.Mo.1969). Of course, should the Susquehanna Corporation, as the new Plaintiff, delay matters inordinately, the remaining Defendants can always move to dismiss the entire suit for want of prosecution.

Therefore, I hereby dismiss Plaintiffs Berman and Wisotsky and substitute the Susquehanna Corporation as Plaintiff. The Corporation will see that notice of this dismissal and substitution is sent to all stockholders of record. No attorney's fees will be granted on the basis of the meager statements contained in the briefs. However, the former Plaintiffs are free to brief this issue more fully and submit detailed cost records within a reasonable period of time.

## INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

Defendants Thomson, Martin, Coen and Korholz likewise moved that the action be dismissed for want of prosecution. However, these Defendants also oppose the realignment of the Susquehanna Corporation. As stated above, I believe that the interests of justice will best be served not by the total dismissal of this litigation, as these Defendants urge, but rather by the repositioning of Susquehanna as the new Plaintiff. Consequently, the motions of these Defendants to simply dismiss the entire suit is denied. Again, should the new Plaintiff prove to be unusually dilatory in pursuing its rights, this court will be receptive to a motion to dismiss the suit.

## MOTION OF SUSQUEHANNA FOR PARTIAL SUMMARY JUDGMENT

The Susquehanna Corporation filed a motion for summary judgment against two former directors of the corporation, as to the issue of their liability for the fraudulent proxy statement. Fed.R.Civ. P. 56. That motion will be granted for the following reasons.

The two Defendants against whom summary judgment is sought, (Martin and Thomson), are former directors of Susquehanna and, in their role as directors, they issued the proxy statement which caused this litigation. However, both of these men were merely outside directors who did not have any active part in the preparation of that statement; evidently, they merely authorized the issuance of the proxy. The facts presented to the court indicate that at no time did these individuals investigate the truthfulness or validity of the proxy statement which they signed. Nevertheless liability is imposed upon outside directors in these situations.

Back in 1970, I granted a motion for partial summary judgment against Defendant-director Korholz. *Berman v. Thomson*, 312 F.Supp. 1031 (N.D.Ill. 1970). At that time, it was determined that the proxy statement was indeed material and that it did violate § 14(a) of the Securities Act of 1934. That opinion, contains a complete discussion of the issues of causation, materiality and financial injury necessary to impose liability upon a corporate director, and that discussion need not be repeated here except to note that my reasoning of five years ago remains valid, since the same factual pattern is present here.

Defendants Martin and Thomson argue vigorously that a director should not be held liable for "mere negligence" under § 14(a) of the Securities Act of 1934. They claim that their conduct in not investigating the validity of the proxy statement is not enough to impose liability as a matter of law. Contrary to these assertions, case law indicates that negligent conduct such as this can impose liability as a matter of law under § 14(a). *See Chris-Craft Industries, Inc. v. Independent Stockholders Committee*, 354 F.Supp. 895 (D.Del.1973); *Gould v. American Hawaiian Steamship Co.*, 351 F.Supp. 853 (D.Del.1972). *See also Gerstle v. Gamble-Skogmo, Inc.*, 478 F.2d 1281 (2d Cir. 1973). These cases stand for the proposition that simple negligence, without any element of scienter, is enough to lead to a finding of liability. As a matter of policy, an outside director should be held liable for his failure to refute any misleading statement in a document as vital as a proxy statement. Such a policy serves to encourage rigorous director scrutiny of this type of document, thereby protecting the investing public, as was the intent of the Securities Act of 1934. This negligence standard does, of course, impose a burden upon corporate directors but that is a burden which they must bear if the corporation's shareholders are to be adequately protected.

The conduct illustrated by the record of this litigation indicates that Defendants Martin and Thomson, like Defendants Korholz, were negligent as a matter of law. Consequently, summary judgment will be granted against Martin and Thomson on the issue of liability.

## MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT BASED UPON RES JUDICATA

Four Defendants who were directors of the Susquehanna Corporation at the time the faulty proxy statement was issued have moved for summary judgment based upon an earlier decision involving substantially the same issues. For the following reasons, that motion will be granted.

■ The four Defendants making this motion were also Defendants in the case of *Dasho v. Susquehanna Corp.*, N. D.Ill.1974. (Hereinafter, these four Defendants, Bogan, Boshell, May and Woolard, will be referred to as the "Bogan Defendants".) That case was eventually settled and Judge Phillip W. Tone entered an order approving the settlement and dismissing that suit with prejudice. The Bogan Defendants urge that judicial approval of a settlement in a shareholders derivative suit, coupled with a dismissal of the complaint with prejudice, operates to block another derivative action against the same defendants based upon the same operative facts. Both precedent and logic dictate that res judicata apply in this instance, thereby requiring the granting of the Bogan Defendants' motion for summary judgment.

Perhaps the most thorough discussion of these issues was contained in the case of *Ruskay v. Jensen*, 342 F.Supp. 264 (S.D.N.Y.1972). That action was similar in many ways to that presently at bar; both were shareholders' derivative suits and in both cases, a prior judgment had been entered in an earlier shareholders' suit. That court proceeded to outline five areas which should be examined in order to determine whether or not the doctrine of res judicata would apply in this type situation. The court asked:

"(1) Were the parties in the prior action the same as in the present one?

(2) Did the prior action go to judgment?

(3) If so, was that judgment on the merits?

(4) Were the claims or causes of action in the prior suit the same as in the present one?

(5) If not, what issues were actually litigated and determined in the prior suit?" *Ruskay v. Jensen, supra* at 268.

Upon examination of these factors, the *Ruskay* court determined that res judicata did operate so that a motion of the defendants for summary judgment was granted. Analyzing these points with relation to the case at bar forces me to conclude that the motion of the Bogan Defendants must be granted on the basis of res judicata.

■■ The parties in *Dasho* and *Berman* were, in effect, the same. Both suits were shareholders' derivative actions and consequently, the real party in interest was the corporation and its shareholders. The fact that the named Plaintiffs in each suit were different is not determinative in a shareholders' derivative action. *See Ruskay v. Jensen, supra* at 268. The prior action (*Dasho*) definitely has proceeded to judgment. The Court of Appeals, in an unpublished order, affirmed the District Court's approval of the settlement and Supreme Court denied certiorari. *Korholz v. Dasho,* —— U.S. ——, 96 S.Ct. 208, 46 L.Ed.2d 136 (1975). Thus, the settlement approval and dismissal with prejudice of *Dasho* is fully effective at this point in time. A settlement decree in a shareholders' derivative suit is considered a judgment on the merits and is given res judicata effect as long as notice and shareholder representation are adequate. *Smith v. Alleghany Corp.*, 394 F. 2d 381 (2d Cir. 1968), *cert. den.* 393 U.S. 939, 89 S.Ct. 300, 21 L.Ed.2d 276 (1968); *Stella v. Kaiser*, 218 F.2d 64 (2d Cir. 1954), *cert. den.* 350 U.S. 835, 76 S.Ct. 71, 100 L.Ed. 745 (1955). *See also Phillips v. Bradford*, 228 F.Supp. 397 (S.D. N.Y.1964). From all the indications I have before me, adequate notice was giv-

en to the shareholders and their representation was quite adequate in *Dasho*.

It is my conclusion that the claims in *Dasho* and *Berman* are the same. In essence, both complaints assert that a violation of § 14(a) of the Securities Act of 1934 occurred when the Susquehanna Corporation issued its proxy statement on November 12, 1965. Although specific misrepresentations in the two cases differ slightly, the fact remains that, in essence, the same claim or cause of action is being asserted in both situations. *See generally Baltimore Steamship Co. v. Phillips*, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069 (1927). These two claims depended upon the same operative facts and they involved the same disputed proxy statement; consequently, they constitute the same cause of action. *See e. g., Saylor v. Lindsley*, 391 F.2d 965, 969 n.6 (2d Cir. 1968); *Engelhardt v. Bell & Howell Co.*, 327 F.2d 30, 33 (8th Cir. 1964).

Plaintiffs cite the case of *Breswick & Co. v. Briggs*, 135 F.Supp. 397 (S.D.N. Y.1955) as precedent for a denial of the effect of res judieata in this situation. Their reliance on *Breswick* is misplaced however, and the case presently at bar can be distinguished factually from that case. *Breswick* involved a somewhat unique set of facts in which the plaintiffs were pursuing their claims with "unusual vigor". That is plainly not the case here, where unreasonable delay has occurred. Furthermore, the additional arguments put forward by the Plaintiffs in their briefs are without merit. There was no waiver of the defense of res judicata and the Plaintiffs' argument that this settlement was only a "covenant not to sue" is not valid.

For these reasons, the motion for summary judgment pertaining to Defendants Bogan, Boshell, Woolard and May is granted.

## PLAINTIFF WISOTSKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This motion is denied because it is now moot. The granting of the summary judgment motion of the Bogan Defendants dictates this result. Furthermore, the granting of the Susquehanna Corporation's motion to dismiss and realign means that Plaintiff Wisotsky is no longer a party to this action.

## CONCLUSION

Following the determination of all six of these motions, the Susquehanna Corporation will now act as the Plaintiff in this action. The original Plaintiffs, Berman and Wisotsky, are no longer parties in this litigation. Summary judgment has been granted against Defendant-directors Thomson and Martin and in favor of the Bogan Defendants. Finally, the motions of individual Defendants Thomson, Martin and Korholz have all been denied.

This case has now been substantially reconstructed by these motions and it is my fervent hope that the remaining parties in this litigation will act in a diligent and speedy manner in determining their respective rights.