The SUSQUEHANNA CORPORATION et al., Plaintiffs,

v.

Herbert F. KORHOLZ et al., Defendants.

The SUSQUEHANNA CORPORATION, Plaintiff,

v.

Albert W. THOMSON et al., Defendants.

Nos. 65 C 1757, 65 C 2051.

United States District Court, N. D. Illinois, E. D.

Oct. 31, 1979.

---

Max Wildman, Wildman, Harrold, Allen & Dixon, Chicago, Ill., Robert H. Huey, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for plaintiffs.

Holland C. Capper, McBride, Baker, Wienke & Schlosser, Chicago, Ill., John Cleary, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, Mo., Barry N. Gutterman, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

BUA, District Judge.

Currently before the court are the consolidated cases of *Susquehanna Corporation et al. v. Korholz et al.* (formerly entitled *Dasho et al. v. Susquehanna Corporation et al.*), 65 C 1757 and *Susquehanna Corporation v. Thomson et al.* (previously captioned *Berman et al. v. Thomson et al.*), 65 C 2051, and two related matters, *Korholz v. Susquehanna Corporation*, 78 C 2091 and *Thomson et al. v. Susquehanna Corporation*, 78 C 2568. The consolidated actions, brought initially on behalf of the Susquehanna Corporation, are shareholder derivative suits. The related cases involve the claims of certain former Susquehanna officers and directors, those named as defendants in the pending derivative actions, against the corporation.

The consolidated cases under discussion have been pending for nearly fourteen years. In the *Dasho* suit, which was filed on October 22, 1965, shareholders Maurice Schy and William Dasho sought unsuccessfully to block the proposed merger of the American Gypsum Company into Susquehanna. Money damages also were requested in their two Count complaint. Count I of the *Dasho* complaint was founded upon alleged violations of 15 U.S.C. §§ 77q, 78j—sections 17(a) of the Securities Act of 1933 and 10(b) of the Securities Exchange Act of 1934. In Count II, certain disclosures and pre-merger proxy materials were challenged as being violative of 15 U.S.C. § 78n—section 14(a) of the 1934 Act.

In 1966, after first refusing to enjoin the proposed merger, Judge Abraham Marovitz dismissed Count I for failing to state a claim and directed that Count II be transferred and consolidated with the aforementioned *Berman* suit. *Dasho v. Susquehanna Corp.*, 267 F.Supp. 508 (N.D.Ill.1966). On appeal, however, both claims were reinstated. *Dasho v. Susquehanna Corp.*, 380 F.2d 262 (7th Cir. 1967).

Following the remand, there were protracted proceedings in the district court, and extensive discovery was conducted. In 1970, after a lengthy trial on the merits was held before Judge Marovitz, judgment was entered in favor of the defendants. This decision, however, was reversed in part, the Seventh Circuit holding that the plaintiffs were improperly denied a jury trial as to certain legal issues presented in the case. *Dasho v. Susquehanna Corp.*, 461 F.2d 11 (7th Cir. 1972). Pursuant to the appellate court's decision, portions of both Counts of the *Dasho* complaint again were reinstated.

Upon remand, the case was transferred from Judge Marovitz. Eventually, it was

assigned to Judge Philip Tone, who was at that time sitting by designation in the district court. After certain preliminary matters were disposed of, the case was set for trial on October 18, 1973. Shortly before the trial was to begin, however, the individual shareholder-plaintiffs, Susquehanna and nine of the twelve remaining defendants entered into a written settlement agreement. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this agreement was submitted to Judge Tone for approval, and the case was taken off of the trial calendar. The settlement was approved by the court on September 23, 1974, and a final judgment reflecting the terms of the agreement accordingly was entered. The consideration given by the settling defendants was valued at approximately $405,000.

At the time the above-mentioned settlement was entered into, a tentative agreement also was reached with the remaining defendants. A condition of this settlement agreement, however, was that the Susquehanna Corporation, which was now under new management, would reimburse and indemnify the remaining defendants for all expenses and attorneys fees incurred in relation to the litigation. This the corporation refused to do. Accordingly, upon learning of Susquehanna's refusal to indemnify them, the remaining defendants in effect withdrew from the proposed agreement.

Shortly after the second remand of the *Dasho* litigation in 1972, the Susquehanna Corporation apparently ended its adversarial relationship with the shareholder-plaintiffs. The corporation, at the time under new management and represented by independent counsel, instead appears to have actively cooperated and aligned itself with the shareholders. It was not until February 7, 1979, though, that Susquehanna was formally realigned as a party plaintiff.

The *Berman* suit, 65 C 2051, was filed on December 7, 1965. In that action, it is essentially contended that a footnote in the proxy statement dealing with the aforementioned Susquehanna-American Gypsum Company merger was so false and misleading as to be actionable.[1] Only monetary relief has been sought. The *Berman* case has remained relatively inactive. Summary judgment was granted against defendant Korholz in 1970, *Berman v. Thomson*, 312 F.Supp. 1031 (N.D.Ill.1970), and against defendants Thomson and Martin in 1975, *Berman v. Thomson*, 403 F.Supp. 695 (N.D.Ill. 1975). These judgments, however, which pertained to the question of liability only, were vacated in 1978. In 1975, Judge Austin, then the *Berman* trial judge, dismissed the shareholder-plaintiffs for failing to adequately prosecute their claims. The Susquehanna Corporation was at that time realigned and substituted as the party plaintiff. *Berman v. Thomson, supra* at 403 F.Supp. 695, 698.

Aside from having been consolidated with the *Dasho* litigation, the *Berman* suit remains in essentially the same posture today. The *Dasho* and *Berman* actions were consolidated because, in addition to being shareholder derivative suits brought on behalf of the same corporation, the claims for relief presented in each case were based, at least in part, upon alleged irregularities in the Susquehanna proxy statement dealing with the aforementioned Susquehanna-American Gypsum Company merger. The grounds for recovery set forth in *Berman*, moreover, are ones which easily could have been included in Count II of the *Dasho* complaint. See page 318, footnote 1. The cases also, with one exception, have the same individuals remaining as defendants.[2]

Since the cases were consolidated, the participants in the *Dasho* and *Berman* litigation have worked diligently to resolve their remaining differences. Their efforts

1. Although the validity of the footnote under discussion was not raised in *Dasho*, the same proxy statement has been put in issue in that action. In both suits, the shareholder-plaintiffs basically contend that, because of a misleading proxy statement, Susquehanna entered into a merger on terms less favorable than might otherwise have been obtained.

2. Michael J. Coen has been named as a defendant in the *Berman* litigation only.

have produced a settlement agreement which, pursuant to the provisions of Rule 23.1 of the Federal Rules of Civil Procedure, is now before this court for approval. This proposed agreement would, if approved, bring to an end not only the *Dasho* and *Berman* suits, but also those related matters now pending in this court.[3]

Pursuant to this court's Order dated June 22, 1979 notice of the proposed settlement was, on July 9, 1979, mailed to all Susquehanna Corporation shareholders. Similar notice also was published, in an abbreviated form, in the Wall Street Journal on July 13 and July 19. To properly evaluate the objections to it raised by shareholder-plaintiff Maurice Schy, a preliminary hearing regarding the fairness of the proposed agreement was held on August 17, 1979. Written memoranda pertaining to the fairness question also have been submitted by the parties for consideration by the court.

Rule 23.1 of the Federal Rules of Civil Procedure specifically provides that shareholder derivative actions "shall not be dismissed or compromised without the approval of the court· . . ." The determination of whether a proposed settlement will be approved or disapproved rests within the sound discretion of the district court. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971); 3B Moore's Federal Practice ¶ 23.1.24[2], at 23.1–136; see C. Wright & A. Miller, Manual for Complex Litigation (MCL) § 1.46, at 57. Before it can properly approve a settlement proposal, however, the court must be satisfied that, when taken as a whole, the agreement is fair, adequate and reasonable to the interests of all concerned. *United Founders Life Ins. Co. v.*

*Consumers National Life Ins. Co., supra* at 655; *Boggess v. Hogan*, 410 F.Supp. 433, 437 (N.D.Ill.1975); 3B Moore's Federal Practice, *supra* at 23.1–137. The burden of persuasion regarding the adequacy and fairness of the proposed settlement, moreover, rests with the proponents of the agreement, not the objectors. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co., supra* at 652; see *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1126 n.30 (7th Cir. 1979); MCL § 1.46, at 56.

When determining whether approval of a proposed settlement is warranted, the court is to exercise its discretion "in a reasonable manner with full realization that approval of a settlement should be given if the [agreement] is fair, reasonable, and adequate." *Seiffer v. Topsy's International, Inc.*, 70 F.R.D. 622, 626–27 (D.Kan.1976). The court's function in reviewing the settlement at issue is to make "a full and fair assessment of the wisdom of the proposed settlement." *Protective Committee v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968); see *Lewis v. Newman*, 59 F.R.D. 525, 527 (S.D.N.Y.1973). In so acting, however, it should not strive to decide the merits of the action or otherwise attempt to substitute its judgment for that of the parties. See *Lewis v. Newman, supra* at 527; *Siegel v. Realty Equities Corp.*, CCH Fed.Sec.L.Rep. ¶ 94, 102, ¶ 94,446 (S.D.N.Y.1973).

Pursuant to Rule 23 generally, when evaluating the fairness and adequacy of a settlement proposal consideration should be given by the court to the following factors:

(1) the strength of the plaintiff's case on the merits, balanced against the amount offered in settlement;

---

**3.** That the *Dasho* and *Berman* suits can be resolved with finality in one settlement agreement was made clear in *Dasho v. Susquehanna Corp.*, No. 65 C 1757 (N.D.Ill. Sept. 23, 1974), where Judge Tone held both that the existence of the then independent *Berman* suit could not, in itself, be an obstacle to approval of the earlier settlement reached in *Dasho*, and that any decision rendered in either suit would, because of the interrelated nature of the claims being presented, necessarily be the law of the case with respect to the other action. As to the

related suits now pending in this court, pursuant to the settlement agreement under discussion the settling defendants will, as part of the consideration they are to provide, withdraw the claims made in those actions. Said defendants will, in their capacity as the plaintiffs in those related matters, have their suits voluntarily dismissed. The requisite stipulations and releases have already been completed, and are contingent only upon approval of the proposed settlement.

(2) the defendant's ability to pay;

(3) the complexity, length and expense of further litigation; and

(4) the amount of opposition to the settlement.

See MCL § 1.46 at 56. Several other factors, because of their broad applicability in settlement approval determinations, often also merit consideration. They include:

(1) the presence of collusion in the settlement negotiations;

(2) the opinion of competent counsel; and

(3) the stage of the proceedings and the amount of discovery completed.

See 3B Moore's Federal Practice ¶ 23.80[4], at 23–521, ¶ 23.1.24[2], at 23.1–142.

■ In the evaluation of the settlement proposal under discussion, consideration was given to all of the above factors. After reviewing the proposal in light of said factors, this court concludes that the agreement, when taken as a whole, is adequate and is fair and reasonable to the interests of all concerned. Accordingly, for the reasons hereinafter stated, approval of the proposed settlement will be granted.

As was noted previously, the *Dasho* and *Berman* suits have been pending for nearly fourteen years. In *Dasho*, one trial on the merits already was conducted. The case has been appealed to and reviewed by the Seventh Circuit on two occasions. That the issues presented in the case are complex, difficult and involved was made quite clear in the Seventh Circuit's second *Dasho* opinion, 461 F.2d 11 (7th Cir. 1972). All that can be added at this time is that, because the action must now be tried to a jury, the parties will likely experience even greater difficulty when preparing for trial and during the trial itself. This in fact has already been demonstrated on several occasions. See *Dasho v. Susquehanna Corp.*, No. 65 C 1757, at 15–16 (N.D.Ill. September 23, 1974) (Tone, J.).

As to the *Berman* suit, although the action has not been as thoroughly prosecuted it is clear that the case involves essentially the same issues. The claim made in *Ber-*

*man* is similar in many ways to that presented in Count II of the *Dasho* complaint. See page 318, footnote 1. To obtain the relief sought in each action, moreover, requires that precisely the same evidence be presented to, and accepted by, the jury. The burden of persuasion the *Berman* plaintiffs must satisfy thus is equally complex and involved.

The responsibility of this court with respect to the *Berman* suit also is clear. As Judge Tone noted in his Memorandum of Decision approving the earlier *Dasho* settlement:

. . . [the *Dasho* case] reached the Court of Appeals in a posture which enabled that Court to lay down the rules governing the assertion of the claim that is presented in both cases. The *Berman* plaintiffs did not seek to intervene in this case at any stage. Because [the *Dasho*] case, involving as it does the claim that the same proxy statement was misleading, reached the Court of Appeals first, the law applicable to both cases was established by the Court of Appeals opinion in [that] case.

The Court of Appeals having established the law applicable to the claim of Susquehanna asserted derivatively in [the *Dasho*] case and in *Berman*, and by its mandate having ordered this Court to retry the case in accordance with its opinion, this Court is required to obey that mandate and thus required to proceed to final judgment through trial or settlement. . . .

*Dasho v. Susquehanna Corp.*, No. 65 C 1757, at 20 (N.D. Ill. September 23, 1974). In view of the above language, this court accordingly must, if it is to properly carry out the mandate of the Seventh Circuit, resolve the *Berman* and *Dasho* actions in one decision if at all possible.

It is equally clear from the foregoing that, with respect to the *Berman* claim and that made in Count II of the *Dasho* complaint, only one recovery can be had by the plaintiffs. Also, as was noted previously, to sustain—or defend against—either claim will require the presentation of much of the

same evidence. The discovery taken in one case thus should be highly relevant to the other. In that extensive discovery has already been conducted in *Dasho*, the parties accordingly should, by this point in time, be able to adequately evaluate their respective positions regarding the proxy statement claims made in both actions. No party has argued to the contrary.

The proponents of the settlement proposal in question are attorneys experienced in the areas of corporate and securities law. Many have participated in similar litigation in the past. Throughout the course of the present litigation no one has ever questioned the competency and/or honesty of the attorneys involved. The proposed settlement under discussion was reached only after lengthy and protracted negotiations had been conducted. Except for the objections to it made by shareholder-plaintiff Maurice Schy, there has been no opposition to the proposed agreement.

█ When, in a derivative action, a settlement proposal is arrived at after arms-length negotiations have been conducted, it is clear that sufficient discovery has been taken to allow the court and the parties to act intelligently, the counsel involved are competent and experienced, and the number of objectors, or the interest they represent, is not large, it may properly be presumed that the agreement is fair and adequate. See *Boggess v. Hogan, supra* at 438. Such a presumption would not be improper with respect to the settlement proposal under discussion. All of the above circumstances clearly are present. In addition, the agreement has been endorsed and approved by the Board of Directors of the Susquehanna Corporation. Susquehanna, although doing so for a time informally, has been acting as a plaintiff in the present litigation for more than six years. The corporation's directors, who have already been acknowledged by Judge Tone as being independent and disinterested, *Dasho v. Susquehanna Corp.*, No. 65 C 1751, at 26–27 (N.D. Ill. September 23, 1974), are in no way connected with any of the defendants. Their recommendation, therefore, is entitled to and should be given considerable respect by this court. The law in this regard was clearly stated in *Republic National Life Insurance Co. v. Beasley*, 73 F.R.D. 658, 668–69 (S.D.N.Y.1977), where it was held:

> Good faith business judgment of an independent disinterested board of directors is appropriate ground for dismissal of derivative stockholder litigation. The good faith business judgment of directors that the best interests of the corporation dictate that alleged breaches of fiduciary duty should not be legally pursued directly or derivatively or that settlements for sums they deem adequate, fair and in the corporate interest should be accepted, is an exercise of the management powers of the board in respect of the corporate assets traditionally entrusted to the control of the board of directors by the stockholders for the orderly administration of the corporate affairs. (Citations omitted).

See also *Seiffer v. Topsy's International, Inc., supra* at 626.

█ Also supportive of a finding that the settlement at issue is fair and adequate is the financial condition of defendant Herbert F. Korholz. The financial means and solvency of a defendant is a significant factor to be considered when assessing the propriety of a settlement proposal in a derivative action. *Republic National Life Insurance Co. v. Beasley, supra* at 668; see MCL § 1.46, at 56. In the present litigation, defendant Korholz is without doubt the principal defendant. He is also, as is indicated in his affidavit, in very poor shape financially. Shareholder-plaintiff Maurice Schy correctly points out in his objections that defendant Korholz cannot, in a technical sense, be considered judgment-proof. From his affidavit, however, it is quite clear that defendant Korholz would not be able to satisfy a judgment of any substance. Simply put, he has very little money and is heavily in debt. Thus, the fact that defendant Korholz is not technically judgment-proof is, practically speaking, of little consequence. To withhold approval of the agreement under discussion solely for that reason clearly would be improper. See *Seiffer v. Topsy's International, Inc., supra* at 630.

One other point merits brief discussion. The costs and expenses incurred by the Susquehanna Corporation to maintain and prosecute this litigation have been considerable. A retrial of several weeks duration, coupled with a probable appeal, will further increase the corporation's costs. Also, if the plaintiffs do not prevail on retrial, Susquehanna may well be required to indemnify the defendants for fees and expenses they incurred during the course of the litigation. *Dasho v. Susquehanna Corp.*, No. 65 C 1757, at 16 (N.D.Ill. September 23, 1974) (Tone, J.). If the settlement in question is approved, the Susquehanna Corporation will avoid the prospect of such future expenses. That such a beneficial result will accrue to the corporation accordingly weighs in favor of approval.

Before approval can properly be given to the proposed settlement, however, this court must be satisfied that the amount offered in settlement is fair and adequate in relation to the plaintiffs' likelihood of prevailing on the merits. This is by far the most important factor to be evaluated when the propriety of the agreement in question is being assessed. *Boggess v. Hogan, supra* at 438; 3B Moore's Federal Practice ¶ 23.-80[4], at 23–521, ¶ 23.1.24[2], at 23.1–142. The settlement proposal under discussion calls for the defendants to pay $150,000. The defendants also have agreed to waive their claims against the Susquehanna Corporation for contribution, indemnification and attorneys fees, and defendant Korholz has further agreed to waive his claim for $125,000 in severance pay. These claims, which if successfully prosecuted could quite possibly result in an award of several hundred thousand dollars, comprise what has previously been referred to as the related cases now pending in this court.[4]

If the present settlement figure of $150,-000 is added to the $405,000 paid out pursuant to the earlier settlement reached in the *Dasho* action, the plaintiffs' recovery in this litigation will total $555,000, exclusive of the value to the Susquehanna Corporation of the claims waived by the defendants. Shareholder-plaintiff Schy, in arguing that the current proposal should be rejected, contends that this figure is grossly inadequate. He bases this contention primarily on an opinion letter written several years ago by one of the plaintiffs' counsel which contained statements indicating that the *Dasho* claims, if found to be meritorious, could result in a recovery of up to several million dollars.[5]

Other materials now before the court indicate that the estimate contained in the aforementioned opinion letter regarding the potential recovery in *Dasho* was somewhat optimistic. A later opinion letter written by the same counsel, for example, contains a substantially lower estimate. Even if that were not true, however, shareholder-plaintiff Schy's argument would not, in itself, necessarily be sufficient to permit this court to properly withhold its approval of the proposed settlement under discussion. That the amount offered in settlement consists only of a fraction of what may possibly be recovered does not *per se* render the proposed agreement inadequate or unfair. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974); *Seiffer v. Topsy's International, Inc., supra* at 627; 3B Moore's Federal Practice ¶ 23.80[4], at 23–521–22. Rather, when such is the case, the fairness, reasonableness and adequacy of the proposal in question must be assessed by comparing the terms of the compromise with the likely rewards of further litigation.

---

**4.** *Korholz v. Susquehanna Corp.*, 78 C 2091 and *Thomson et al. v. Susquehanna Corp.*, 78 C 2568. In accordance with the terms of the settlement proposal under discussion, the defendants have agreed to have these cases voluntarily dismissed.

**5.** This figure, it should be noted, is far in excess of the value put on the *Dasho* claims by the Seventh Circuit in its second *Dasho* opinion,

461 F.2d 11 (7th Cir. 1972), and by Judge Tone in his Memorandum of Decision approving the earlier *Dasho* settlement, *Dasho v. Susquehanna Corp.*, No. 65 C 1757 (N.D.Ill. Sept. 23, 1974). In each of these decisions, the plaintiffs' maximum potential recovery for all of the claims presented was estimated to be less than $1,500,000.

The viability of Mr. Schy's objection thus hinges upon whether the amount currently being offered in settlement will prove grossly inadequate when balanced against what the plaintiffs likely will be able to recover on retrial. In assessing the likelihood of the plaintiffs ultimate success on the merits, and with respect to the amounts likely to be recovered in the event of such success, this court has received considerable guidance from those decisions rendered previously in this litigation. Especially helpful were the Seventh Circuit's second opinion in the *Dasho* action, 461 F.2d 11 (7th Cir. 1972) (hereinafter *Dasho II*) and Judge Tone's Memorandum of Decision approving the earlier *Dasho* settlement, *Dasho v. Susquehanna Corp.*, No. 65 C 1757 (N.D.Ill. September 23, 1974).

In *Dasho II*, the Seventh Circuit did more than reverse for a jury trial in light of *Ross v. Bernhard*, 396 U.S. 531 (1970). It also affirmed the findings of the district court as to all of the equitable issues in the case, defined the issues to be tried to the jury on remand and delineated the proper measure of damages to be applied in each Count. As it is reasonable to assume that the record on retrial will be much the same as those portions of the record relating to the issues to be retried which were reviewed in *Dasho II*, the Seventh Circuit's evaluation of the evidence must be looked upon as being highly relevant in the present matter.

In regard to Count I, which pertains to the VCA stock transaction, the Court of Appeals considered the maximum amount recoverable by the Susquehanna Corporation to be $682,500. 461 F.2d at 18, 25 and n.33, 27. Neither that court nor Judge Tone commented, with respect to Count I, as to the plaintiffs' likelihood of prevailing on the merits against the current defendants. In the earlier trial before Judge Marovitz, however, these defendants were held not to be liable.

If relief is to be granted for the claims made in *Berman* and in Count II of the *Dasho* complaint, the plaintiffs will first have to show that the alleged omissions and misrepresentations contained in the Susque-

hanna proxy statement at issue were so misleading as to be actionable under 15 U.S.C. § 78n. In this regard they will have to prove that the omissions and misrepresentations in question were both material and substantially misleading. The plaintiffs next will have to show that the Susquehanna Corporation was injured as a result of these misrepresentations. The Seventh Circuit estimated the maximum amount recoverable under Count II to be in the range of $800,000. See 461 F.2d at 28; *Dasho v. Susquehanna Corp.*, No. 65 C 1757, at 12 & n.7 (N.D.Ill. September 23, 1974) (Tone, J.). In order to recover anything, however, the plaintiffs must establish to the jury's satisfaction that an exchange ratio more favorable to Susquehanna shareholders would in reality have resulted from full disclosure. This, the Seventh Circuit noted, will require

> an evaluation of the transaction from [the American Gypsum Company's] point of view as well as Susquehanna's. For if it were plain from the record that Gypsum's shareholders would not in any event have approved a merger on terms which required surrender of more than 1.9 of their shares for each Susquehanna share, then approval of those terms, even if unlawfully obtained, did not harm Susquehanna.

461 F.2d at 31. It thus is quite possible that the jury could conclude that, although the defendants actions were sufficiently deceitful, the Susquehanna Corporation suffered no pecuniary injury.

It is clear that the plaintiffs' chances for success on retrial will depend upon the jury's determination of complicated factual issues, its understanding and comprehension of involved and complex financial transactions, and how it resolves the conflicting evidence presented in support of the parties' positions. Much of their case will hinge upon how the jury resolves the credibility questions that will arise. In regard to the plaintiffs' likelihood of prevailing on their proxy statement claims, Judge Tone's observations are particularly pertinent:

. . . one reasonable and knowledgeable trier of fact, Judge Marovitz, who tried the [*Dasho* case] without a jury the first time it was tried, found that the exchange ratio was fair. This finding was set aside because *Ross v. Bernard [Bernhard]*, 396 U.S. 531 (1970) required a jury trial on the issue, but the Court of Appeals expressly stated that the finding was not clearly erroneous. It is not unlikely that six other reasonable men comprising the jury on retrial would reach the same result Judge Marovitz reached, which would mean that there would be no recovery . . . against any defendants.

*Dasho v. Susquehanna Corp.*, No. 65 C 1757, at 15 (N.D.Ill. September 23, 1974).

The *Dasho* and *Berman* suits are fourteen years old. This passage of time can only serve to lessen the plaintiffs' prospects for recovery. The factors discussed above make it more than apparent that a high degree of uncertainty exists as to whether the plaintiffs will ultimately be able to prevail on the merits. Pursuant to the settlement proposal under discussion the plaintiffs are to be paid $150,000, making their total recovery in this litigation $555,000. In addition, the Susquehanna Corporation will be freed from having to defend against, and possibly pay out on, those related claims brought by the defendants. Said claims, if found to be meritorious, could result in a judgment against the corporation of several hundred thousand dollars. The plaintiffs thus will, if the settlement proposal at issue is approved, receive benefits equal to nearly two-thirds of the estimated value of their claims. See page 322, footnote 5. Such an overall settlement, when balanced against the plaintiffs' clearly questionable prospects for prevailing on retrial, appears to this court to be decidedly adequate and fair and reasonable to all concerned. Accordingly, it is so found.

Shareholder-plaintiff Schy also objects to the proposed settlement because, he contends, the agreement does not reflect the *bona fide* opinion of counsel with respect to the value of the plaintiffs' claims. He ar-gues that the most recent opinion letter written by one of plaintiffs' counsel, wherein an earlier estimate as to potential recovery was reduced significantly, was not intended to be a realistic appraisal of the plaintiffs' position but rather was designed solely to further the Susquehanna Corporation's desire to settle the litigation. He has not, however, presented any facts in support of this contention which would allow this court to conclude that said plaintiffs' counsel had acted in bad faith.

Even if the estimate contained in the aforementioned opinion letter also was meant to be a reflection of the judgment of the Susquehanna Corporation, this court would find it difficult to withhold its approval of the settlement proposal in question solely for that reason. The Susquehanna Corporation has been prosecuting this litigation, formally and informally, for six years. That its directors are both disinterested and independent is beyond dispute. Under such circumstances, the opinion of the board of directors regarding the potential value of the corporation's claims must be accorded great weight by the court. See *Republic National Life Insurance Co. v. Beasley, supra* at 668–69. As the Seventh Circuit itself has noted, in such situations "the business judgment of the court is not to be substituted for that of the parties whose business is involved." *United Founders Life Ins. Co. v. Consumers National Life Ins. Co., supra* at 655.

■ In his final objection, shareholder-plaintiff Schy argues that the notice given to Susquehanna Corporation shareholders regarding the proposed settlement was inadequate. This objection also is without merit. Due process requires that the notice of a settlement proposal be one which reasonably apprises the members of the class of the terms of the settlement and of the options open to those who wish to dissent. *Air Line Stewards and Stewardesses Ass'n, Local 550 v. American Airlines, Inc.*, 455 F.2d 101, 108 (7th Cir. 1972). The notification given to the Susquehanna Corporation shareholders, in that it made specific mention of the fact that Mr. Schy had objected

to the proposed agreement, more than satisfied this standard. Mr. Schy, however, contends that said notice, because it did not set forth in detail his reasons for objecting, must be considered misleading. No authority, though, exists for the proposition that notices must explore all of the underlying issues in the lawsuit. *Boggess v. Hogan, supra* at 443. To the contrary, the Seventh Circuit has held that:

> . . . [w]hether the offer to settle should contain a statement by the plaintiff-objectors of their opinion of the adequacy of the settlement package in order to make the communication a full and complete disclosure is a matter left to the trial court's discretion. . . .

*In re General Motors Corp. Engine Interchange Litigation, supra* at 1140. In view of that holding, this court concludes that its approval of the notice being objected to was entirely proper.

Copies of the settlement proposal under discussion, the related stipulations and releases and the notice mailed to Susquehanna Corporation shareholders and published in the Wall Street Journal have been attached as an Appendix to this Memorandum and Order.

As this court has already concluded that the settlement proposal now before it is adequate, fair and reasonable to all concerned, approval of the agreement is hereby granted. Pursuant to said approval, the following is ordered and directed:

(1) the parties, all and each of them, shall perform all acts required of them by the Settlement Agreement;

(2) there being no just reason for delay in entering final judgment approving said Settlement Agreement, it is ordered that final judgment be entered dismissing these actions and complaints with prejudice to the Susquehanna Corporation, the named plaintiffs in each action, including Maurice H. Schy, the plaintiffs' attorneys and to each and every shareholder of the Susquehanna Corporation;

(3) this Memorandum and Order approving the Settlement Agreement shall in no manner bar or otherwise impair the prosecution of any claims made by or brought in the name of those parties named in the above-entitled matters against persons other than said named parties;

(4) this court retains jurisdiction over the parties to the Settlement Agreement, and over the subject of the settlement, for the purpose of doing any and all acts necessary or desirable to the implementation and effectuation of said Agreement;

(5) each of the above-named parties shall bear his own taxable costs;

(6) the Clerk of the Court is ordered to take custody of such documents and certificates of deposit as are tendered pursuant to the Settlement Agreement, and is ordered and directed to release, transfer and endorse the same at the times and in the manner provided for by the terms of the Settlement Agreement.

It is further ordered that the Clerk of the Court shall enter a judgment in this action containing all of the provisions of (1) through (6) above.

IT IS SO ORDERED.

### APPENDIX

Exhibit 1—Stipulation of Compromise and Settlement

Exhibit 2—Notice to Shareholders of the Susquehanna Corporation

Exhibit 3—Notice Concerning the Susquehanna Corporation Published in the Wall Street Journal

Exhibit 4—Stipulation of Dismissal, re: 78 C 2091

Exhibit 5—Stipulation of Dismissal, re: 78 C 2568

Exhibit 6—Release: Susquehanna Corporation and Susquehanna Corporation Shareholders

Exhibit 7—Release: Herbert F. Korholz

Exhibit 8—Release: Albert W. Thomson

Exhibit 9—Release: A. D. Martin, Sr.

Exhibit 10—Release: Michael J. Coen

Exhibit 11—Indemnification Agreement

## EXHIBIT 1

### STIPULATION OF COMPROMISE AND SETTLEMENT

WHEREAS, an action presently entitled *The Susquehanna Corporation, et al. v. Korholz, et al.,* No. 65 C 1757, was commenced as a derivative action brought on behalf of The Susquehanna Corporation, a Delaware Corporation (hereinafter "Susquehanna") by Susquehanna stockholders Mary M. Dasho and Maurice H. Schy against numerous individual defendants, and also against Susquehanna and its predecessors in interest;

WHEREAS, nine of the original defendants entered into a Stipulation of Compromise and Settlement with the stockholder Plaintiffs and Susquehanna, which Stipulation was approved by Order of court dated September 23, 1974;

WHEREAS, Susquehanna, by Order of Court, was realigned as a party Plaintiff in case No. 65 C 1757;

WHEREAS, there are three individuals, Herbert F. Korholz, A. D. Martin and Albert W. Thomson, who remain as Defendants in case No. 65 C 1757;

WHEREAS, an action presently entitled *The Susquehanna Corporation v. Albert W. Thomson, et al.,* No. 65 C 2051, was commenced as a derivative action brought on behalf of Susquehanna against numerous parties, and also against Susquehanna and its predecessors in interest by certain Susquehanna stockholders;

WHEREAS, Susquehanna, by Order of Court, was realigned as a party Plaintiff and the stockholder Plaintiffs were dismissed as Plaintiffs in Case No. 65 C 2051;

WHEREAS, there are four individuals, Herbert F. Korholz, A. D. Martin, Albert W. Thomson, and M. J. Coen, who remain as Defendants in case No. 65 C 2051;

WHEREAS, the two above-referenced actions have been consolidated, by Order of Court, for the purpose of obtaining court approval of the instant Settlement Agreement;

WHEREAS, each of the Defendants, while denying liability, desires to settle all claims alleged in the several complaints herein and to put at rest the action against each of them in the manner and upon the terms and conditions hereinafter set forth in order to avoid further expense and inconvenience and the burdens of protracted litigation and deems such settlement desirable and in his best interest; and

WHEREAS, Defendant Herbert F. Korholz, as evidenced by his Affidavit, Exhibit A hereof, is without any funds or assets with which to satisfy a judgment which might be obtained against him in these actions;

WHEREAS, each of the Plaintiffs in the two subject actions, except Maurice H. Schy, a named plaintiff in *The Susquehanna Corporation, et al. v. Herbert F. Korholz, et al.,* No. 65 C 1757, desires to settle all claims alleged therein against the Defendants and put at rest said actions against the Defendants in the manner and upon the terms and conditions hereafter set forth, and deems such settlement desirable and in the best interests of Susquehanna, as evidenced by the letter dated May 22, 1979, from Plaintiffs' counsel to Susquehanna's Board of Directors (Exhibit B hereof) and by appropriate action of Susquehanna's Board of Directors approving this Settlement Agreement, (Exhibit C hereof);

NOW, THEREFORE, it is agreed by and among the parties hereto, for and in consideration of the mutual agreements contained herein, that these actions shall be settled upon the following terms and conditions:

1. This Settlement Agreement is expressly conditioned upon first obtaining Final Approval of the terms of this settlement. Otherwise, this Settlement Agreement shall be void *ab initio* and shall have no force and effect and all negotiations and proceedings connected herewith shall be without prejudice to the rights of any party and shall not be used for any purpose in any subsequent proceeding in this action or in any other action or proceeding. The parties

agree to cooperate among themselves and with the Court in the sending of proper notices, in recommending judicial approval of the settlement, in the presentation of appropriate evidence and in such other matters as may be reasonably required for the securing of Final Approval. As used herein, the term "Final Approval" means that the settlement encompassed by this Settlement Agreement has been submitted to the Court and the Court has approved the settlement herein and ordered the dismissal of these actions on the merits with prejudice to Susquehanna, to the named plaintiffs in these actions, including Maurice H. Schy, to the attorneys for the plaintiffs, to each and every shareholder of Susquehanna and to every other person determined to be proper by the Court, that all appeals or other review of the Order Approving Settlement shall have been concluded without reversal or modification thereof (except to the extent provisions of said Order which are reversed or modified on appeal are severable and are declared severable by this Court, which declaration is not reversed on appeal) or, if no appeals or other review of said Order shall have been sought, the time for taking the same shall have expired.

2. In consideration of the settlement of these actions, Defendants

(a) Martin and Thomson each agree within five days after the entry of the aforedescribed order approving the settlement encompassed by this Settlement Agreement and dismissing with prejudice the actions described on page 1 of this Settlement Agreement, to deposit with the Registry of the Court a $75,000 certificate of deposit payable to the order of the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, and agree that the said $75,000 certificate of deposit deposited by each, a collective sum of $150,-000, shall be held by the said Clerk and shall be released, transferred and endorsed, together with any interest accrued thereon, to Susquehanna upon Final Approval of the terms of this settlement and, if Final Approval of the terms of this settlement with respect to Thomson, Martin and Coen is not

obtained, the said certificate of deposit deposited by Thomson, together with any interest accrued thereon, shall be by the said Clerk released, transferred and endorsed to Thomson, and the certificate of deposit deposited by Martin, together with any interest accrued thereon, shall be by the said Clerk released, transferred and endorsed to Martin.

(b) Martin and Thomson, by counsel, have executed together with Susquehanna, by counsel, the Stipulation of Dismissal, Exhibit D hereof, which Stipulation is to be filed by the Clerk of the Court, pursuant to Order of this Court, in the case of *Thomson and Martin v. The Susquehanna Corporation*, No. 78 C 2568, upon Final Approval of this Agreement;

(c) Korholz, by counsel, has executed together with Susquehanna, by counsel, the Stipulation of Dismissal, Exhibit E hereof, which Stipulation is to be filed by the Clerk of the Court, pursuant to Order of this Court, in the case of *Korholz v. The Susquehanna Corporation*, No. 78 C 2091, upon Final Approval of this Agreement.

(d) Korholz, Martin, Thomson and Coen each agree that within five days after the execution of this Settlement Agreement, each shall deposit, or cause to be deposited, with the Registry of the Court, the original of an executed Release, in the form of Exhibits F, G, and H hereof, as appropriate, which Releases are to be released to David Schiavone, or any member of the law firm of Wildman, Harrold, Allen and Dixon, as counsel to The Susquehanna Corporation, upon Final Approval of this Agreement.

3. In consideration of the Defendants' promises set forth in Paragraph 2 hereof, Plaintiffs, except Maurice H. Schy, agree that within five days after the execution of this Settlement Agreement, they shall deposit, or cause to be deposited, with the Registry of the Court, as to Korholz, Martin, Thomson and Coen, duplicate originals of a duly executed Release in the form of Exhibit I attached hereto, and (2) the original of a duly executed Indemnification Agreement in the form of Exhibit J attached hereto. One original of the Release

and the Indemnification Agreement are to be released to John R. Cleary or to any member of the law firm of Linde Thomson Fairchild Langworthy & Kohn upon Final Approval, as counsel to Defendants Martin, Thomson and Coen, and one original Release is to be released to Holland C. Capper, Esquire, or to any member of the law firm of McBride, Baker, Wienke & Schlosser, as counsel to Defendant Korholz.

4. Plaintiffs, except Maurice H. Schy, Susquehanna and the Settling Defendants agree that if this Settlement Agreement is approved by the Court, they will jointly submit to the Court an Order Approving Settlement containing the provisions specified in Paragraph 7 of the Court's Order Setting Hearing on Settlement.

5. This Settlement Agreement and all documents delivered pursuant thereto shall be governed by and construed in accordance with the laws of the State of Illinois and shall be binding upon and inure to the benefit of the respective heirs, executors, administrators, successors and assigns of the parties hereto.

6. Each of the Exhibits to this Settlement Agreement is hereby incorporated by reference with the same force and effect as if set forth in full herein. This Settlement Agreement altogether with its Exhibits may be changed, altered or amended only by a writing executed by all of the parties hereto. Except in case of a party's breach or default in connection with the settlement described herein and the effectuation thereof, each party will submit to the Court only those motions, proposed orders and other documents expressly contemplated by this Settlement Agreement or submitted jointly on behalf of all parties hereto. This Settlement Agreement together with its Exhibits contains the entire understanding of the parties hereto with respect to the subject matter contained herein and supersedes all previous discussions, communications and correspondence with respect thereto. There are no restrictions, promises, warranties, covenants, undertakings or representations concerning the subject matter contained

herein other than those expressly set forth herein. All representations made by any of the parties hereto under this Settlement Agreement shall be deemed to have been made both as of the date of the execution of this Settlement Agreement and, by consummation of the settlement described herein, as of the date of the Order Approving Settlement and shall survive the performance by the parties hereto of their respective obligations under this Settlement Agreement.

7. The entry into this Settlement Agreement and the participation in any proceeding connected therewith shall not be deemed or construed to be an admission by any party of any liability, wrongdoing, fact, matter or defense.

8. The Stockholder Plaintiffs reserve the right to apply to the Court for an allowance of counsel fees and expenses incurred prior to January 26, 1978. Susquehanna reserves the right to contest said application on any ground.

9. If any fees, costs, disbursements or expenses, including reasonable attorneys' fees, are incurred by any party as a result of any breach hereunder by one or more other parties, said parties found to have committed any breach hereunder by a final adjudication shall pay all said fees, costs, disbursements and expenses.

10. The failure to obtain Final Approval with respect to any Defendant, or the breach as to any provision of this Settlement Agreement by any Defendant does not relieve any other Defendant as to whom there is Final Approval of any obligation imposed upon him by this Settlement Agreement, except that the failure to obtain Final Approval with respect to any of the defendants Martin, Thomson and Coen shall constitute a failure to obtain Final Approval as to all of them.

11. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement.

PLAINTIFFS:

DATE:

_____
MARY M. DASHO

EXTE:

_____
XXXXXXXXXXXXX

THE SUSQUEHANNA CORPORATION

DATE:

By: _____

Attest: _____

PLAINTIFFS' ATTORNEYS:

DATE:

_____
MAX WILDMAN

DATE:

_____
ROBERT H. HUEY

DEFENDANTS:

DATE:

_____
HERBERT F. KORHOLZ

DATE:

_____
A. D. MARTIN

DATE:

_____
ALBERT W. THOMSON

DATE:

_____
M. J. COEN

## EXHIBIT 2
## NOTICE TO SHAREHOLDERS OF THE SUSQUEHANNA CORPORATION

This Notice is given pursuant to an Order, dated , 1979, by the Honorable of the United States District Court for the Northern District of Illinois, Eastern Division (hereinafter referred to as the "Court") and pursuant to Rule 23.1 of the Federal Rules of Civil Procedure to advise the shareholders of record of The Susquehanna Corporation ("Susquehanna") as of the close of business on , 197 , of the proposed Compromise and Settlement of the consolidated cases of *The Susquehanna Corp., et al. v. Korholz, et al.*, No. 65 C 1757 and *The Susquehanna Corp. v. Albert Thomson, et al.*, No. 65 C 2051 and the further proceedings to be had with respect thereto.

### The Actions Proposed to be Settled

These actions were brought derivatively on behalf of Susquehanna in 1965 by several shareholders of the Corporation. Named as Defendants were Susquehanna, American Gypsum Company, nineteen former officers and directors of Susquehanna (including remaining Defendants Herbert F. Korholz, A. D. Martin and Albert W. Thomson) and Michael J. Coen, a former Susquehanna shareholder.

The amended complaints alleged in substance the invalidity and fraudulent nature of three transactions: the sale of a block of Susquehanna stock in May, 1965 to Mr. H. F. Korholz, the disposition by Susquehanna in July and August, 1965, of stock of the Vanadium Corporation of America, then owned by Susquehanna, and the merger between Susquehanna and American Gypsum Company on December 13, 1965, including the proxy statement with respect thereto.

In their answers to the amended complaints, each of the defendants denied the alleged invalidity and fraudulent nature of the three transactions in question.

### History of the Actions

On April 15, 1966, the trial court dismissed, for failure to state a claim under the federal securities laws, all claims relat-

ing to the sale of Susquehanna stock and the disposition of the stock of Vanadium Corporation of America owned by Susquehanna. The allegations relating to the merger were not considered at that time. On June 26, 1967, the Seventh Circuit Court of Appeals reversed the dismissal and remanded the action for further proceedings.

Trial without jury commenced on September 18, 1969. The trial court entered judgment in the defendants' favor on all issues on February 6, 1970. Plaintiffs appealed. On January 18, 1972, the Seventh Circuit Court of Appeals again reversed the decision of the trial court, on the ground that plaintiffs were entitled to have a jury try issues in the action relating to the disposition of Vanadium Corporation of America stock and the Susquehanna-American Gypsum Company merger.

After extensive negotiations, Susquehanna, the shareholder Plaintiffs and nine defendants entered into a Stipulation of Compromise and Settlement dated October 31, 1973, whereby those Defendants paid the Corporation $405,000 in exchange for the Corporation's agreement to drop its claims as against those defendants. A hearing was held with respect to the fairness and propriety of this Agreement and to assure that it was in the best interest of the Corporation, and it was approved by Judge Tone.

Subsequent to the final approval of the October 31, 1973 partial settlement, the several attorneys for the shareholders petitioned the Court for an award of attorneys fees. The Corporation opposed such an award on numerous grounds, and the petition was denied, but without prejudice to its being renewed when the entire matter is resolved.

Further extensive settlement negotiations have resulted in the shareholder Plaintiffs, except Maurice H. Schy, Susquehanna and the remaining Defendants (Messrs. Korholz, Martin, Thomson and Coen) entering into a separate Stipulation of Compromise and Settlement, the terms of which are summarized below.

Susquehanna's entry into this Settlement Agreement is pursuant to a resolution of its Board of Directors specifically authorizing such entry. Plaintiffs' counsel, after an independent review of the law and facts applicable to the Settlement Agreement and its execution and delivery, has recommended without reservation to the Corporation's Board of Directors that the proposed settlement be accepted. In an opinion letter to the Corporation, plaintiffs' counsel stated that there are obstacles to the successful prosecution of the action against each of the Settling Defendants that the settlement of the action on the terms proposed is fair, adequate, reasonable and proper and in the best interests of the Corporation and its stockholders; and that there exists no legal 'impediment to the execution and performance of the Settlement Agreement. The general counsel of the corporation has also expressed its opinion to the Corporation that the proposed settlement of the action is fair, adequate, reasonable and proper and in the best interests of the Corporation and its stockholders.

If this settlement is not approved by the Court, these cases will proceed to trial before a jury.

### THE TERMS OF SETTLEMENT

The Stipulation of Compromise and Settlement is available for inspection (see the last paragraph of this Notice), and reference is made thereto for a complete statement of its terms. It provides essentially as follows:

(1) Defendants Martin and Thomson will pay collectively to Susquehanna the sum of One Hundred and Fifty Thousand Dollars ($150,000);

(2) Defendant Korholz has executed an Affidavit attesting to the fact that he is without funds or assets with which to pay any money in settlement or to satisfy a judgment against him, if one were to be obtained;

(3) All Defendants will release Susquehanna from any claims they might have against it for payment of any judgment, settlement amount, attorneys' fees or other expenses of litigation incurred directly or

indirectly in these cases or any related proceedings;

(4) Defendants Martin and Thomson will enter into a Stipulation of Dismissal terminating, with prejudice, the action entitled *Thomson and Martin v. The Susquehanna Corporation*, No. 78 C 2568, wherein they are seeking a judicial determination of their right to recover those expenses incurred in these matters as are enumerated in Paragraph 3 above and which they are releasing pursuant to this settlement;

(5) Defendant Korholz will enter into a Stipulation of Dismissal terminating, with prejudice, the action entitled *Korholz v. The Susquehanna Corporation*, No. 78 C 2091, wherein Korholz is seeking a judicial determination of his right to recover those expenses incurred in these matters as are enumerated in Paragraph 3 above, as well as an award of $125,000 severance pay which he claims is owing to him by the Corporation, all of which claims are being released pursuant to this settlement;

(6) The shareholders Plaintiffs, except Maurice H. Schy, and Susquehanna will release the Defendants from any claims respecting the matters and transactions alleged in these cases, including any claims for attorneys' fees and expenses advanced to the Defendants by Susquehanna in connection with those cases and also will release any claims it might have against these Defendants by virtue of certain Assignments to rights of contribution and indemnity which it received as a part of the earlier settlement;

(7) The shareholder Plaintiffs reserve the right to renew their application to the Court for an allowance of counsel fees and expenses. Susquehanna reserves the right to contest said application on any ground.

*The Settlement Hearing*

A hearing will be held in Room _____ of the United States Courthouse at 219 South Dearborn Street, Chicago, Illinois at ____ a. m. on the ___th day of _____, 1979, to determine whether the proposed settlement of the above-entitled action should be approved and confirmed by the Court as fair, adequate, reasonable and proper, and whether the action should be dismissed on the merits, with prejudice. At this hearing any person having an interest in the outcome of this litigation may present any evidence that may be proper and relevant to the issue to be heard; provided, however, that no papers or briefs submitted by any such person shall be received and considered except by special permission of the Court unless on or before _____, 1979, copies of such papers and briefs are filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division with copies served upon:

Max Wildman, Esq.
Wildman, Harrold, Allen & Dixon
One IBM Plaza
Chicago, Illinois 60602
Counsel for Plaintiffs

Robert H. Huey, Esq.
Arent, Fox, Kintner, Plotkin & Kahn
1815 H Street, N.W.
Washington, D.C. 20006
Counsel for The Susquehanna Corporation

Holland C. Capper, Esq.
McBride, Baker, Wiencke & Schlosser
110 North Wacker Drive
Chicago, Illinois 60606
Counsel for Defendant Korholz

John Cleary, Esq.
Linde, Thomson, Fairchild, Langworthy & Kohn
Columbia Union Bank Building
Kansas City, Missouri 64106
Counsel for Defendants Martin, Thomson & Coen

Barry N. Gutterman, Esq.
547 W. Jackson Boulevard
Chicago, Illinois 60606
Counsel for Defendants Martin, Thomson & Coen

*Availability of Pleadings, Settlement Agreement, and Other Papers in this Action and Related Cases*

For a copy and detailed statement of the materials involved in the action, reference is made to the Pleadings, to the Settlement

Agreement and to the other papers filed in these actions, all of which are available for inspection in the office of the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division located in the U.S. Courthouse at 219 South Dearborn Street, Chicago, Illinois.

> THE SUSQUEHANNA CORPO-
> RATION
>
> By _____
>
> ROBERT A. CHRISTOPHER,
> President and Chief
> Executive Officer

## EXHIBIT 3

## THE WALL STREET JOURNAL

### Notice Concerning

## THE SUSQUEHANNA CORPORATION

The Susquehanna Corporation has signed and submitted for judicial approval an agreement which, if approved by the Court, will settle the cases of *The Susquehanna Corporation, et al. v. Korholz, et al.*, No 65 C 1757 and *The Susquehanna Corporation v. Albert W. Thomson, et al.*, No. 65 C 2051, which actions were commenced as stock-holders' derivative actions and which are now pending in the United States District Court for the Northern District of Illinois, Eastern Division.

Any person having an interest in the outcome of the litigation may participate in the judicial proceeding and may submit evidence relevant to the fairness or adequacy of the settlement. This proceeding is scheduled to be held on 1979, in Room _____ of the U.S. District Courthouse at 219 S. Dearborn Street, Chicago, Illinois, at _____ a. m.

A description of the litigation and a summary of the settlement terms may be obtained by writing or telephoning the Secretary, The Susquehanna Corporation, P. O. Box 5170, Denver, Colorado 80217; Telephone 800/525–8656.

Detailed information may be obtained from the settlement agreement, the pleadings and other papers filed in the above cases, all of which are available in the Office of the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division at 219 S. Dearborn Street, Chicago, Illinois 60602.

## THE SUSQUEHANNA CORPORATION

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT F. KORHOLZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 78 C 2091 |
| | ) | |
| THE SUSQUEHANNA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF DISMISSAL

Plaintiff, Herbert F. Korholz, and Defendant, The Susquehanna Corporation, by their respective attorneys, hereby stipulate and agree to the entry of an order dismissing this cause with prejudice with each party bearing its own taxable costs.

_____
Attorneys for Plaintiff,
Herbert F. Korholz

_____
Attorneys for Defendant, The
Susquehanna Corporation

334

EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT W. THOMSON and<br>A. D. MARTIN, SR., | ) ) ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) | NO. 78 C 2568 |
| THE SUSQUEHANNA CORPORATION, | ) ) ) | |
| Defendant. | ) | |

STIPULATION OF DISMISSAL

Plaintiffs, Albert W. Thomson and A. D. Martin, Sr., and Defendant, The Susquehanna Corporation, by their respective attorneys, hereby stipulate and agree to the entry of an order dismissing this cause with prejudice with each party bearing its own taxable costs.

_____
Attorneys for Plaintiffs,
Albert W. Thomson and
A. D. Martin, Sr.

_____
Attorneys for Defendant, The
Susquehanna Corporation

EXHIBIT 6

RELEASE

For good and valuable consideration given pursuant to the Stipulation of Compromise and Settlement filed in the consolidated cases of *The Susquehanna Corporation, et al. v. Korholz et al.*, No. 65 C 1757 and *The Susquehanna Corporation v. Albert Thomson, et al.*, No. 65 C 2051, receipt of which consideration is hereby acknowledged, The Susquehanna Corporation, Mary M. Dasho and Maurice Schy, and the attorneys for the Plaintiffs hereby release Herbert F. Korholz, A. D. Martin, Albert W. Thomson and Michael J. Coen (the "defendants") from any action, claim or cause of action which they may presently or hereafter possess against the Defendants based upon or arising out of the above-noted cases, or any of the matters and transactions alleged in the several complaints filed in the said cases, and, also release Korholz, Martin, Thomson and Coen of and from any and all claims or causes of action for attorneys fees and expenses advanced to or on behalf of the Defendants by Susquehanna in connection with said cases or any state court proceeding related to the subject matter of said cases; and Susquehanna further releases Korholz, Thomson, Martin and Coen of and from any and all claims or causes of action for contribution or indem-

nity including, but not limited to, any claims or causes of action for contribution or indemnity of Ralph A. L. Bogen, Jr., Edward O. Boshell, M. M. Hardin, Jr., Earl May, Askel Nielsen, D. W. Reeves, R. C. Schenck, Harold C. Stuart and Francis C. Wollard against Herbert F. Korholz, A. D. Martin, Albert W. Thomson or Michael J. Coen which were assigned to The Susquehanna Corporation by Ralph A. L. Bogen, Jr., Edward O. Boshell, M. M. Hardin, Jr., Earl May, Askel Nielsen, D. W. Reeves, R. C. Schenck, Harold C. Stuart and Francis C.

DATE: April 5, 1979

DATE:

DATE:

PLAINTIFFS' ATTORNEYS:

DATE:

DATE:

Wollard, as part of the settlement made by them with The Susquehanna Corporation, Mary M. Dasho, Maurice H. Schy and Max Wildman in connection with the above-described cases, which settlement was approved by the United States District Court, Northern District of Illinois, Eastern Division on September 23, 1974;

This Release is expressly conditioned upon first obtaining Final Approval of the Stipulation of Compromise and Settlement pursuant to which this Release is made. Otherwise, this Release shall be void *ab initio* and shall have no force and effect.

Mary M. Dasho
MARY M. DASHO

_____
MAURICE H. SCHY

THE SUSQUEHANNA CORPORATION

By: _____

Attest: _____

_____
MAX WILDMAN

_____
ROBERT H. HUEY

---

EXHIBIT 7

RELEASE

I, Herbert F. Korholz, for good and valuable consideration given to me pursuant to the Stipulation of Compromise and Settlement filed in the consolidated cases of *The Susquehanna Corporation, et al. v. Korholz, et al.*, No. 65 C 1757 and *The Susquehanna Corporation v. Albert Thomson, et al.*, No. 65 C 2051, receipt of which is hereby acknowledged, do hereby release The Susquehanna Corporation, its officers, directors, and successors in interest.

A. Payment of any attorneys' fees and other expenses and costs of litigation incurred directly or indirectly in connection with the above-referenced cases or any related proceedings or

B. Payment of any judgment or settlement amount incurred directly or indirectly in connection with the above-

referenced cases or any related proceedings, or

C. Payment of any severance pay to which I might otherwise be entitled in connection with the termination of my employment by The Susquehanna Corporation.

This Release includes, but is not limited to those claims made, or which might have been made in *Korholz v. The Susquehanna Corporation*, No. 78 C 2568.

PROVIDED, HOWEVER, that nothing in this instrument shall release, limit or otherwise affect rights or claims I may presently or hereafter possess against The Susquehanna Corporation arising under or to enforce the terms of the Stipulation of Compromise and Settlement.

This Release is expressly conditioned upon first obtaining Final Approval of the Stipulation of Compromise and Settlement pursuant to which this Release is made.

Otherwise, this Release shall be void *ab initio* and shall have no force and effect.

/s/ Herbert F. Korholz
Herbert F. Korholz

## EXHIBIT 8

### RELEASE

I, Albert W. Thomson, for good and valuable consideration given to me pursuant to the Stipulation of Compromise and Settlement filed in the consolidated cases of *The Susquehanna Corporation, et al. v. Korholz, et al.*, No. 65 C 1757 and *The Susquehanna Corporation v. Albert Thomson, et al.*, No. 65 C 2051, receipt of which is hereby acknowledged, do hereby release The Susquehanna Corporation, its officers, directors, and successors in interest from

A. Payment of any attorneys' fees and other expenses and costs of litigation incurred directly or indirectly in connection with the above-referenced cases or any related proceedings, or

B. Payment of any judgment or settlement amount incurred directly or indirectly in connection with the above-referenced cases or any related proceedings, except for any such amounts to which I am entitled under the Indemnification Agreement executed by The Susquehanna Corporation pursuant to the above-referenced Stipulation of Compromise and Settlement.

This Release includes, but is not limited to those claims made, or which might have been made in *Thomson and Martin v. The Susquehanna Corporation*, No. 78 C 2568.

PROVIDED, HOWEVER, that nothing in this instrument shall release, limit or otherwise affect rights or claims I may presently or hereafter possess against The Susquehanna Corporation arising under or to enforce the terms of the Stipulation of Compromise and Settlement.

This Release is expressly conditioned upon first obtaining Final Approval of the Stipulation of Compromise and Settlement pursuant to which this Release is made. Otherwise, this Release shall be void *ab initio* and shall have no force and effect.

/s/ Albert W. Thomson

## EXHIBIT 9

### RELEASE

I, A. D. Martin, Sr., for good and valuable consideration given to me pursuant to the Stipulation of Compromise and Settlement filed in the consolidated cases of *The Susquehanna Corporation, et al. v. Korholz, et al.*, No. 65 C 1757 and *The Susquehanna Corporation v. Albert Thomson, et al.*, No. 65 C 2051, receipt of which is hereby acknowledged, do hereby release The Susquehanna Corporation, its officers, directors, and successors in interest from

A. Payment of any attorneys' fees and other expenses and costs of litigation incurred directly or indirectly in connection with the above-referenced cases or any related proceedings, or

B. Payment of any judgment or settlement amount incurred directly or indirectly in connection with the above-referenced cases or any related proceedings, except for any such amounts to which I am entitled under the Indemnification Agreement executed by The Susquehanna Corporation pursuant to the above-referenced Stipulation of Compromise and Settlement.

This Release includes, but is not limited to those claims made, or which might have been made in *Thomson and Martin v. The Susquehanna Corporation*, No. 78 C 2568.

PROVIDED, HOWEVER, that nothing in this instrument shall release, limit or otherwise affect rights or claims I may presently or hereafter possess against The Susquehanna Corporation arising under or to enforce the terms of the Stipulation of Compromise and Settlement.

This Release is expressly conditioned upon first obtaining Final Approval of the Stipulation of Compromise and Settlement pursuant to which this Release is made. Otherwise, this Release shall be void *ab initio* and shall have no force and effect.

/s/ A. D. Martin

## EXHIBIT 10
### RELEASE

I, Michael J. Coen, for good and valuable consideration given to me pursuant to the Stipulation of Compromise and Settlement filed in the consolidated cases of *The Susquehanna Corporation, et al. v. Korholz, et al.*, No. 65 C 1757 and *The Susquehanna Corporation v. Albert Thomson, et al.*, No. 65 C 2051, receipt of which is hereby acknowledged, do hereby release The Susquehanna Corporation, its officers, directors, and successors in interest from

A. Payment of any attorneys' fees and other expenses and costs of litigation incurred directly or indirectly in connection with the above-referenced cases or any related proceedings, or

B. Payment of any judgment or settlement amount incurred directly or indirectly in connection with the above-referenced cases or any related proceedings, except for any such amounts to which I am entitled under the Indemnification Agreement executed by The Susquehanna Corporation pursuant to the above-referenced Stipulation of Compromise and Settlement.

PROVIDED, HOWEVER, that nothing in this instrument shall release, limit or otherwise affect rights or claims I may presently or hereafter possess against The Susquehanna Corporation arising under or to enforce the terms of the Stipulation of Compromise and Settlement.

This Release is expressly conditioned upon first obtaining Final Approval of the Stipulation of Compromise and Settlement pursuant to which this Release is made. Otherwise, this Release shall be void *ab initio* and shall have no force and effect.

/s/ Michael J. Coen

## EXHIBIT 11

### INDEMNIFICATION AGREEMENT

In consideration of the settlement payment made by Defendants Martin, Thomson and Coen pursuant to the Stipulation of Compromise and Settlement filed in the cases of *The Susquehanna Corporation, et al. v. Korholz, et al.*, No. 65 C 1757 and *The Susquehanna Corporation v. Thomson, et al.*, No. 65 C 2051, and for other good and valuable consideration, receipt of which is hereby acknowledged, The Susquehanna Corporation hereby agrees to defend, indemnify and hold harmless Martin, Thomson and Coen for any expenses and fees (including attorneys' fees) paid by them and any amounts paid by them as a settlement or judgment which are incurred in connection with any action which is brought by Herbert F. Korholz or by any other person, firm or corporation against Martin, Thomson or Coen for, or in the nature of, contribution to or indemnification of said Herbert F. Korholz's or other person, firm or corporation's liability to Susquehanna in, or arising out of, *The Susquehanna Corporation, et al. v. Korholz, et al.*, No. 65 C 1757, or *The Susquehanna Corporation v. Albert Thomson, et al.*, No. 65 C 2051, or in, or arising out of, any of the matters set forth in the several complaints filed in those actions.

THE SUSQUEHANNA CORPORATION

By: —————————————

Attest: —————————————